STATE OF IDAHO, Plaintiff-Appellant,

v.

HOWMET TURBINE COMPONENT COMPANY and John Does 1 to 100, Defendants,

and

Hanna Mining Company; Noranda Mines Limited, a Delaware corporation; and Noranda Exploration, Inc.; Defendants-Appellees.

STATE OF IDAHO, Plaintiff-Appellee,

v.

HOWMET TURBINE COMPONENT COMPANY and John Does 1 to 100, Defendants,

and

Noranda Mines Limited, a Delaware corporation, and Noranda Exploration, Inc., Defendants-Appellants.

STATE OF IDAHO, Plaintiff-Appellee,

v.

HOWMET TURBINE COMPONENT CORPORATION; Noranda Mines Limited, a Delaware corporation; Noranda Exploration, Inc.; and John Does 1 to 100; Defendants,

and

Hanna Mining Company, Defendant-Appellant.

Nos. 86–3600, 86–3602 and 86–3701.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1986.

Decided April 14, 1987.

Clive J. Strong, P. Mark Thompson, Boise, Idaho, for plaintiff-appellant-cross-appellee.

Anthony O. Garvin, San Francisco, Cal., for defendants-appellees-cross-appellants.

Before BROWNING, WRIGHT, and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

The State of Idaho appeals the district court's holding, 627 F.Supp. 1274, that section 112(a) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA or the act), 42 U.S.C. § 9601 *et seq.*, requires that a state give defendants 60–days notice before filing an action under section 107 of the act for damages to natural resources. The Hanna Mining Company, Noranda Mines Ltd., and Noranda Exploration, Inc. (the mining companies) cross-appeal the court's decision that Idaho's suit under section 107 was timely. The United States appears as amicus curiae and argues that Idaho's interpretation of the statute is correct. Five states—California, Colorado, Ohio, New York, and Utah—also submitted an amicus brief, in which they claim that their ability to recover for damages to natural resources will be severely impaired unless we adopt the statutory interpretation offered by the United States and Idaho.

On October 17, 1986, after the district court's decision, President Reagan signed the Superfund Amendments and Reauthorization Act of 1986, H.R. 2005, 99th Cong., 2d Sess. (1986), which, inter alia, made significant changes in the deadlines for commencing suits under CERCLA. *See* Pub.L. No. 99–499, 100 Stat. 1613 (1986); *see also* H.R.Conf.Rep. No. 962, 99th Cong., 2d Sess. 183–347 (1986), *reprinted in* 1986 U.S.Code Cong. & Admin.News 2835, 3276–3440 (Conference Report). We hold that the notice requirement of section 112(a) does not apply to actions for damages to natural resources filed under section 107 and that Idaho's action was timely.

## FACTS

The Blackbird Mine, located near Salmon, Idaho, exploits deposits of copper and cobalt, some of which were discovered as early as 1893. The majority of the mining and milling took place between 1949 and 1967. The cobalt and copper ores were extracted from underground shafts and an open pit. The Hanna Mining Company acquired the mine in 1967. It kept crews at the site but never undertook commercial mining there. Noranda Exploration, Inc., conducted exploration activities at the mine between 1978 and 1982. In August 1980, Hanna and Noranda Mines Ltd. formed a limited partnership, Blackbird Mining Co., which acquired the property. Noranda proceeded with limited mining at the Blackbird Mine from December 1979 to May 1982.

Drainage from the mine and tailings contains significant concentrations of various forms of copper, cobalt and iron, and is very acidic. Idaho contends that the drainage enters both ground and surface waters and has caused fish kills, reductions in or elimination of the spawning runs of anadromous fish, and other adverse effects on the aquatic life in streams receiving mine drainage. These and other impacts on the natural resources of the area commenced in the 1940s and persist today.

Idaho sued the mining companies for damages to its natural resources under CERCLA and various common law theories of liability and sought both monetary and injunctive relief. Section 107 of the act authorized the federal government, state governments, and other persons to clean up hazardous waste sites and then sue the responsible parties for their costs. 42 U.S.C. § 9607(a)(4)(A)-(B) (1982). State and federal governments could also sue for damages to natural resources caused by the release of hazardous substances. *Id.* at (C); 42 U.S.C. § 9607(f) (1982). The act

authorized the establishment of a trust fund (the "Superfund") against which parties who undertake cleanups could assert claims for their costs and for damages to natural resources. 42 U.S.C. §§ 9611, 9612, 9631 (1982). Idaho filed its action on Monday, December 12, 1983, one day beyond the three year statute of limitations contained in section 112(d), 42 U.S.C. § 9612(d) (1982). On the same date, it mailed claim letters to the mining companies. Idaho had already sent EPA a letter on December 8, 1983, in which it attempted to present a claim against the fund for the damage to its natural resources caused by the mine.

The district court held that Idaho's action was timely. The last day of the statutory limitation period fell on Sunday, December 11, 1983. The court held that Rule 6(a) of the Federal Rules of Civil Procedure applied to the limitation period found in section 112(d) of the act and therefore Idaho had until the next day, Monday, December 12, to file its action. It also held, however, that the notice provision in section 112(a) applied to civil actions for damages to natural resources brought under section 107. Section 112(a) explicitly required that parties who intend to submit a claim against the fund first must send those responsible for the release of hazardous substances notice of the claim at least 60 days in advance. Because the mining companies had not received a claim letter 60 days before Idaho filed suit and because Idaho could not provide 60–days notice before the action would be time barred, the district court dismissed the CERCLA action. It also dismissed Idaho's pendent state law claims. Idaho appeals the district court's dismissals of its federal and state claims and the mining companies cross-appeal the ruling that Idaho's action was timely.

## ANALYSIS

We review the district court's interpretation of CERCLA de novo. *United States v. Horowitz*, 756 F.2d 1400, 1403 (9th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 74, 88 L.Ed.2d 60 (1985). As we have already stated, CERCLA was amended during the pendency of this appeal. To the extent that the amendments alter the statutory

sections at issue here, we must "apply the law in effect at the time [we] render[ ] [our] decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. School Board of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *United States v. Fresno Unified School Dist.,* 592 F.2d 1088, 1093 (9th Cir.), *cert. denied,* 444 U.S. 832, 100 S.Ct. 62, 62 L.Ed.2d 41 (1979).

## I. Timeliness of Idaho's Suit

Idaho's suit seeks monetary and injunctive relief for damages to its natural resources. Section 301(c) of the original act required the President to promulgate regulations by December 11, 1982, establishing the procedures states were to use in assessing these damages. 42 U.S.C. § 9651(c) (1982). The President failed to meet this deadline. Section 112(d) of CERCLA as passed in 1980 required that Idaho commence its action on or before December 11, 1983. 42 U.S.C. § 9612(d) (1982). The President's failure to promulgate the regulations required by section 301(c) left the states without any guidance as to how they should assess damages to their natural resources as the statutory deadline for such claims approached. In an attempt to preserve whatever claims it might have against the mining companies once the regulations were issued, Idaho filed its action.

In its recent amendments, Congress extended the period in which states may file civil actions against parties responsible for natural resource damages:

(i) ACTIONS FOR NATURAL RESOURCES DAMAGES.—Except as provided in paragraphs (3) [contribution] and (4) [subrogation], no action may be commenced for damages (as defined in section 101(6)) under this Act, unless that action is commenced within 3 years after the later of the following:

(A) The date of the discovery of the loss and its connection with the release in question.

(B) The date on which regulations are promulgated under section 301(c).

Pub.L.No. 99–499, § 113(b), 100 Stat. at 1648 (to be codified at 42 U.S.C. § 9613(g)(1)). The conference report clearly indicates that CERCLA was amended to solve the very problem Idaho and other states faced in the autumn of 1983 when the regulations still had not appeared.

The Conferees have adopted these amendments relating to the time limits for initiating actions for natural resource damages because the ability for [sic] ·Federal and State trustees to pursue such claims and actions has been impaired by the failure of the President to promulgate regulations governing procedures for filing claims and assessing damages to natural resources. These amendments are intended to revive causes of action for natural resource damages that may have been foreclosed by the running of the statute of limitations relating to such actions under current law. A corresponding set of amendments in section 112 pertaining to the time limits for filing claims against the fund for natural resource damages is also intended to revive claims that may have been foreclosed.

Conference Report at 223, *reprinted in* 1986 U.S. Code Cong. & Admin. News at 3316.

■ In view of the principle stated in *Bradley* that we are to apply the law as it exists now and Congress's clear intent that actions such as Idaho's shall not be foreclosed, we hold that Idaho's suit is timely. We therefore need not decide whether the district court's reason for reaching the same conclusion is correct. *See Smith v. Block,* 784 F.2d 993, 996 n. 4 (9th Cir.1986).

■ The mining companies argue that it would be manifestly unjust to apply the new limitation period to them because they did not own the mine when most of the environmental damage occurred and they have taken substantial remedial measures. Whatever equities their arguments present, and we express no opinion on them, they are not appropriate considerations in a motion to dismiss.

## II. Requirement of Notice

The district court held that section 112(a) of CERCLA requires a plaintiff to notify the parties potentially responsible for damaging natural resources 60 days before making a claim against the fund *or* filing a civil action against them under section 107. As to this issue, we need not decide whether to apply the recent amendments because we conclude the result would be the same under either version of the statute.

■ Congress amended section 112(a) to make clear that its notice requirement applies only when parties intend to assert a claim against the fund. *See* Pub.L. No. 99–499, § 112(a), 100 Stat. at 1646 (to be codified at 42 U.S.C. § 9612(a)); [1] *see also* Conference Report at 219, *reprinted in* 1986 U.S. Code Cong. & Admin. News at 3312. While this appeal was pending, the First Circuit issued its opinion in *Dedham Water Co. v. Cumberland Farms Dairy, Inc.,* 805 F.2d 1074 (1st Cir.1986), which addressed the issue of notice under the original statute. *Id.* at 1075 n. 1. In a thorough and well-reasoned opinion that included an examination of the district court's opinion in this case, it held that the notice requirement of section 112(a) does not apply to civil actions filed under section 107. *Id.* at 1076–82. We agree with that decision and simply summarize its reasoning below.

---

1. As amended, section 112(a) now reads:

   **Claims Procedure**

   (a) CLAIMS AGAINST THE FUND FOR RESPONSE COSTS.—No claim may be asserted against the Fund pursuant to section 111(a) unless such claim is presented in the first instance to the owner, operator, or guarantor of the vessel or facility from which a hazardous substance has been released, if known to the claimant, and to any other person known to the claimant who may be liable under section 107. In any case where the claim has not been satisfied within 60 days of presentation in accordance with this subsection, the claimant may present the claim to the Fund for payment. No claim against the Fund may be approved or certified during the pendency of an action by the claimant in court to recover costs which are the subject of the claim.

The original version of section 112(a) read:

> All claims which may be asserted against the Fund pursuant to section [111] of this title shall be presented in the first instance to the owner, operator, or guarantor of the vessel or facility from which a hazardous substance has been released, if known to the claimant, and to any other person known to the claimant who may be liable under section [107] of this title. In any case where the claim has not been satisfied within sixty days of presentation in accordance with this subsection, the claimant may elect to commence an action in court against such owner, operator, guarantor, or other person or to present the claim to the Fund for payment.

42 U.S.C. § 9612(a)(1982). Section 112(a) must be read in the context of the entire statute. Section 107 authorizes "actions" against responsible parties. It contains no notice requirement, nor does it refer to "claims." Citing to *United States v. Mottolo*, 605 F.Supp. 898 (D.N.H.1985), the First Circuit pointed out that

> this distinction between "claims" and "actions" is central to the structure of CERCLA and has been carefully preserved throughout the statute. *See Mottolo*, 605 F.Supp. at 904. A "claim" consistently refers to a demand for reimbursement from the Superfund, except for its first appearance in the second sentence of section 112(a), where it refers more generally "to a pre-claim/pre-action demand to the liable party." *Id.;* 42 U.S.C. §§ 9601(4), 9612(a). An "action," however, refers strictly to judicial proceedings, "whether suits brought by the United States for reimbursement to the Fund, suits brought by governmental and private parties directly against hazardous waste offenders for reimbursement of costs, or suits brought by federal or state governments for damages to natural resources." *Mottolo*, 605 F.Supp. at 904.

*Dedham*, 805 F.2d at 1079. Thus, section 112(a)'s reference to "claims" indicates that its notice requirement applies solely to those seeking reimbursement from the fund. *Id.* The differences in language between sections 107 and 112(a) militates against requiring notice in civil actions. *Id.* at 1080. There is support for this conclusion in the legislative history of the original statute, *id.* at 1080–81, and the recent amendments. The conference report discussing the amendments to section 112(a) states:

> Section 112(a) of current law contains a sixty-day presentation requirement relating to the initiation of *claims against the Fund*.... The sixty-day presentation requirement has never applied *to civil actions* ....

Conference Report at 219, *reprinted in* 1986 U.S. Code Cong. & Admin. News at 3312 (emphasis added).

This statement, made almost six years after the original statute was enacted, is based on "congressional hindsight" and, as such, is not a "substitute for legislative analysis generated during the period immediately preceding the enactment of a bill." *Dedham*, 805 F.2d at 1081. Nevertheless, faced with contradictory decisions by eleven district courts on this issue, *id.* at 1077, Congress's efforts to make its original intentions understood are entitled to some consideration. We conclude that the 60–day notice requirement of section 112(a) does not apply to actions against responsible parties.

## CONCLUSION

We affirm the district court's holding that Idaho's suit was timely but reverse its decision that the state was required to notify the mining companies 60 days before filing an action under section 107. As our holding reinstates Idaho's federal causes of action, we also must reverse the decision to dismiss Idaho's state law claims.

AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.