Linda WALLS, et al.,
Plaintiffs-Appellants,

v.

WASTE RESOURCE CORPORATION, et al., Defendants-Appellees.

No. 86–5589.

United States Court of Appeals,
Sixth Circuit.

Argued April 17, 1987.

Decided July 21, 1987.

Allan Kanner (argued), Arnold Levin, Philadelphia, Pa., John T. Milburn Rogers, Greeneville, Tenn., J.D. Lee, Linda Walls, et al., Knoxville, Tenn., for plaintiffs-appellants.

James W. Gentry, Jr. (argued), Chattanooga, Tenn., for Velsicol Chem.

Fred H. Cagle, Jr., Wheeler A. Rosenbalm, Knoxville, Tenn., for Alladin, G.E.

Allan Hull, Cleveland, Ohio, for Greif Bros.

Richard T. Sowell, Baker, Worthington, Crossley, Stansberry & Woolf, Wanda G. Sobieski (argued), Knoxville, Tenn., for Waste Resources Corp.—appellee.

Shelton B. Hillman, Jr., Bristol, Tenn., for Beecham, Inc./Orkin Exterminating Co.

Jack B. Draper, Knoxville, Tenn., for Allied Corp. and American Cynamid Co.

William Wright Petty, John T. O'Connor, II, Knoxville, Tenn., for Waste Management, Inc.

William T. Wray, Jr., Hunter, Smith & Davis, Edwin L. Treadway, Gregory K. Haden, Kingsport, Tenn., for Waste Resources of Tennessee.

James H. Epps, III, Johnson City, Tenn., for Texas Instruments Inc.

Thomas C. McKee, Johnson City, Tenn., for Burton Rubber, IPC Dennison, Int. Play Card, Hayes-Albion.

Keith McCord, Knoxville, Tenn., for Rohm and Hass Tennessee, Inc.

N.R. Coleman, Jr., Greeneville, Tenn., Carey S. Sheldon, Ashtabula, Ohio, for Ball Corp. & Columbus McKinnon Corp.

W. Gregory Miller, Corneluis & Collins, Nashville, Tenn., for TRW, Inc.

R. Hunter Cagle, Knoxville, Tenn., for Hoover Universal, Inc.

Richard M. Currie, Jr., Wilson, Worley, Gamble & Ward, P.C., Kingsport, Tenn., for Kingsport Press, Inc.

John S. Bingham, Kingsport, Tenn., for Gary Phillips.

Daniel W. Hammer, Cleveland, Ohio, for Norandex, Inc.

Steven M. Jawetz, Dept. of Justice, Land and Nat. Resources Div., Charles J. Sheehan (argued), Washington, D.C., for amicus curiae, U.S.

Before MERRITT and NELSON, Circuit Judges; and CONTIE, Senior Circuit Judge.

MERRITT, Circuit Judge.

In this appeal arising under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, *et seq.*, we consider whether the 60–day notice provision in § 9612(a) applies to private actions for the recovery of response costs under § 9607(a). The District Court held that the 60–day provision does apply to § 9607(a) actions and dismissed the case for lack of subject matter jurisdiction.[1]

---

1. This case reaches this Court in an interesting procedural posture. The case was remanded to the District Court in *Walls v. Waste Resources Corp.,* 761 F.2d 311 (6th Cir.1985), where we reversed the District Court's dismissal of plaintiffs' CERCLA count and held that the District Court erred in ruling that CERCLA § 9607(a)(4)(B) does not create a private right of action.

On remand, the defendants again moved to dismiss and for summary judgment, on grounds including the § 9612(d) statute of limitations and the § 9612(a) notice requirement. The District Court initially dismissed the CERCLA count as time-barred under § 9612(d). The court changed its mind following a motion for reconsideration and adopted a magistrate's report and recommendation expressing the opin-

ion that the § 9612(d) limitations period does not govern § 9607(a) cost recovery actions. The magistrate's report adopted by the court also stated the opinion, based on the language of the statute, that the § 9612(a) notice provision applies only to claims against the Superfund, and not to lawsuits against private persons or entities.

When the defendants sought to have the court's decision certified for interlocutory appeal, the court invited the parties to submit motions "addressing the controlling statute of limitations." Some of the motions submitted in response to this invitation raised the § 9612(a) notice issue. The matter was again referred to the magistrate. Instead of addressing the statute of limitations question, the magistrate changed his mind about his earlier opinion on

For the reasons set forth below, we reverse the judgment of the District Court.

In this case involving statutory construction, we begin our analysis with the statutory language itself. We deal with three sections of CERCLA: § 9607 which is the liability provision of CERCLA; § 9611 which authorizes a variety of uses of Superfund monies; and § 9612 entitled "Claims Procedure" outlining the procedures a person must follow when making a claim against the Fund. (These are sections 107, 111, and 112 of CERCLA, respectively.)

This case requires us to consider the interrelationship, if any, between § 9612(a) and § 9607(a). Section 9612(a) provides as follows:

All claims which may be asserted against the Fund pursuant to section 9611 of this title shall be presented in the first instance to the owner, operator, or guarantor of the vessel or facility from which a hazardous substance has been released, if known to the claimant, and to any other person known to the claimant who may be liable under section 9607 of this title. In any case where the claim has not been satisfied within sixty days of presentation in accordance with this subsection, the claimant may elect to commence an action in court against such owner, operator, guarantor, or other person or to present the claim to the Fund for payment.

The liability section, § 9607(a), provides in relevant part:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section—

\*    \*    \*    \*    \*    \*

(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities or site selected by such person, from which

there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for—

\*    \*    \*    \*    \*    \*

(B) any other necessary costs of response incurred by any other person consistent with the national contingency plan....

On the face of the statute, there is an apparent conflict as to whether the 60–day notice requirement of § 9612(a) applies to § 9607(a) actions. The first sentence in § 9612(a) seems to indicate that the notice requirement does not apply to § 9607(a) when it states that "[a]ll claims which may be asserted against the Fund *pursuant to § 9611 of this title* shall be presented in the first instance to the owner...." (emphasis added). Moreover, read in isolation, the prefatory language of § 9607(a)—"Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section"—appears to sever any link between §§ 9607(a) and 9612(a).

On the other hand, the second sentence of § 9612(a) raises some question as to whether the two sections are indeed connected: "In any case where the claim has not been satisfied *within sixty days of presentation* in accordance with this subsection, the claimant may elect to commence an action in court against such owner, operator, guarantor, or other person or to present the claim to the Fund for payment." (emphasis added).

Unfortunately, as the above provisions demonstrate, the "plain language" of the applicable sections of CERCLA is not so plain at all but rather shrouded in considerable ambiguity. We can render the statute less ambiguous, however, by closely examining the first sentence of § 9612(a). While any construction of the statute is not free from doubt, we embrace the reason-

the § 9612(a) notice issue, and recommended that the plaintiffs' CERCLA claim be dismissed for failure to give notice under § 9612(a) at least 60 days prior to filing their action.

In a one-page order, the District Court adopted the magistrate's recommendation, dis-

missing the CERCLA claim and the action as a whole for want of subject matter jurisdiction. The District Court did not strike or mention its earlier ruling that plaintiffs were not required to give notice.

able and intelligent construction recently adopted by the First Circuit in *Dedham Water Co. v. Cumberland Farms Dairy, Inc.*, 805 F.2d 1074 (1st Cir.1986), the first circuit court decision to consider this question. For a similar resolution of this issue, see also *Idaho v. Howmet Turbine Component Co.*, 814 F.2d 1376 (9th Cir.1987).

One issue raised by the first sentence of § 9612(a) concerns the scope of the statutory language "all claims which may be asserted against the Fund." The question is whether the claims procedures embodied in § 9612(a) are limited to those claims presented against the Fund, as plaintiffs argue, or also reaches all CERCLA claims including private actions for recovery of response costs, as defendants argue. Parsing the first sentence of § 9612(a), the *Dedham* Court makes a compelling argument that the language "all claims which may be asserted against the Fund" refers only to *claims* against the Superfund, not private actions for recovery of response costs. The *Dedham* Court states:

> Because section 112(a) refers exclusively to section 111 claims, it differs fundamentally from section 112(d), which explicitly applies not only to "claims," but also to judicial actions for damages commenced under section 107(a)(2)(c). Because of this distinction, we need not read the "all claims" language of section 112(a) as necessarily referring to the private judicial actions contemplated by section 107.

805 F.2d at 1079.

The second issue raised by the first sentence of § 9612 concerns the use of the word "may" in the phrase "all claims which may be asserted against the Fund." Defendants contend that it means that "all claims which may be asserted against the Fund must be presented in the first instance to potential defendants." Brief of Appellees at 9. Plaintiffs maintain, on the other hand, that "the reference in section 9612(a) ... does not refer to all cases which may be brought under section 9607(a)(4)(b)." Brief of Appellants at 20.

The *Dedham* Court properly construes the use of the word "may" in the first sentence of § 9612(a) as follows:

> ... we are persuaded that "the word 'may' refers not to the possibility of a claim against the Fund, but rather, refers to claims which are allowed to be made against the Fund by virtue of Section 111."

805 F.2d at 1079 (citation omitted). The First Circuit correctly and sensibly noted that "[i]f Congress had intended the sixty-day requirement to apply to Section 107 causes of action, it very easily could have included in the first sentence after 'pursuant to section 111,' the clarifying phrase, 'or section 107.'" *Id.* at 1080 (citation omitted).

We believe this statutory interpretation is reinforced by the purpose of CERCLA itself. While "the legislative history of CERCLA is vague, reflecting the compromise nature of the legislation enacted," *Walls v. Waste Resources Corp.*, 761 F.2d 311, 318 (6th Cir.1985), it is clear that Congress was serving a two-fold purpose in enacting CERCLA. As the court observed in *United States v. Reilly Tar & Chemical Corp.*, 546 F.Supp. 1100, 1112 (D.Minn. 1982):

> A review of the statute and the Committee Reports reveals at least two Congressional concerns that survived the final amendments to the Act. First, Congress intended that the federal government be immediately given the tools necessary for a prompt and effective response to problems of national magnitude resulting from hazardous waste disposal. Second, Congress intended that those responsible for problems caused by the disposal of chemical poisons bear the costs and responsibility for remedying the harmful conditions they created.

This two-fold purpose of CERCLA is reflected in the statute's bifurcated scheme. On the one hand, CERCLA created a Hazardous Substance Response Trust Fund, or Superfund, 42 U.S.C. § 9631, which provides money which the federal government is authorized to spend on dump site cleanup, 42 U.S.C. § 9604, or to use for compen-

sating other governmental or individual parties who have incurred certified response costs, 42 U.S.C. § 9611(a)(2). On the other hand, CERCLA creates a statutory mechanism authorizing civil suits by those who pay for the cleanup of hazardous waste dump sites against those who create them. As this Court has stated previously, "it is clear that the statute was designed primarily to facilitate the prompt cleanup of hazardous waste sites by placing the ultimate financial responsibility for cleanup on those responsible for the hazardous wastes." *Walls*, 761 F.2d at 318 (citation omitted).

In light of this statutory purpose and structure, we see no need to impose the § 9612(a) 60–day notice requirement on § 9607(a) actions. Sixty-day notice serves an important purpose in the § 9612(a) context. "Notification in Fund cases is a necessary prerequisite aimed at conserving the assets of the Superfund by encouraging responsible parties to pay clean-up costs before a plaintiff is forced to look to Fund money." *New York v. General Electric Co.*, 592 F.Supp. 291, 300 (N.D.N.Y.1984).

By contrast, the sixty-day notice provision serves no useful purpose in private actions for recovery of response costs and indeed would only serve to hamper such actions. In erecting an additional procedural barrier to suit, the imposition of sixty-day notice of § 9612(a) would only delay civil actions and thereby potentially limit the liability of defendants under § 9607. We thus reject applying sixty-day notice to a context in which it is inappropriate and runs counter to the bifurcated scheme of CERCLA. We agree with the position of the Second Circuit that "[w]e will not interpret Section 9607(a) in any way that apparently frustrates the statute's goals, in the absence of a specific congressional intention otherwise." *New York v. Shore Realty Corp.*, 759 F.2d 1032, 1045 (2d Cir.1985).

Although the contemporaneous legislative history of CERCLA does not provide direct guidance on the issue before us, we do attach some significance to recent congressional pronouncements on CERCLA in connection with the Act's 1986 reauthoriza-

tion. As part of the Superfund Amendments and Reauthorization Act of 1986, Pub.L. No. 99–499, Congress amended § 9612(a). The Conference Report accompanying the legislation states in pertinent part: "Section 112(a) of current law contains a sixty-day presentation requirement relating to the initiation of claims against the Fund.... The sixty-day presentation requirement has never applied to civil actions...." H.R.Conf.Rep. No. 962, 99th Cong., 2d Sess. 219 (1986), *reprinted in* 1986 U.S.Code Cong. & Admin.News 3276, 3312. While this subsequent legislative history may not be dispositive, it nonetheless certainly provides useful guidance in this unsettled area of law.

### Conclusion

In light of the statutory language, structure, and purpose of CERCLA, as well as the recent congressional action in this area, we hold that the sixty-day notice provision of § 9612(a) does not apply to private actions for the recovery of response costs. Since the District Court did not address the statute of limitations issue, we intimate no view on this question.

Accordingly, the judgment of the District Court is reversed and the case is remanded for further proceedings consistent with this opinion.