UNITED STATES of America

v.

Gerald L. MOORE, Bonnie F. Moore, Moor–Fite Corporation of Virginia, Gary Moore, Patrick J. O'Brien, and Certified Testing Corporation.

Civ. A. No. 87–101–NN.

United States District Court,
E.D. Virginia,
Newport News Division.

March 10, 1988.

---

7. *Id.*

Michael McIntyre, U.S. Dept. of Justice, Land & Natural Resources Div., Joseph F. Schive, U.S.E.P.A., Washington, D.C., Allyn Stern, Office of Regional Counsel, U.S. E.P.A., Region III, Philadelphia, Pa., John F. Kane, Asst. U.S. Atty., E.D.Va., Norfolk, Va., for plaintiff.

Lawrence J. Lipka, Newport News, Va., Wayne, Lustig, Richard N. Shapiro, Guy, Cromwell, Betz & Lustig, Virginia Beach, Va., for defendant.

## MEMORANDUM ORDER

MacKENZIE, Senior District Judge.

The United States commenced this action on behalf of the Environmental Protection Agency ("EPA") and the Defense Logistics Agency ("DLA") of the U.S. Department of Defense ("DOD") pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601–9675, and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901–6991i. The suit seeks recovery of "response costs" incurred by plaintiff in order to abate the release of hazardous substances at the "Pembroke Avenue site," a declaratory judgment for future costs, injunctive relief, and civil penalties. Finally, DOD seeks contribution.

Four motions are presently before the Court and ready for decision. First, defendant Moor–Fite Corporation, by special appearance, moves to quash service of process on the ground that it is a dissolved corporation. Second, Bonnie Moore moves for summary judgment and/or judgment on the pleadings, asserting that she is not a proper defendant under 42 U.S.C. § 9607(a). Third, Gerald Moore and Bonnie Moore seek judgment in their favor on the ground that plaintiff failed to make a "demand" or "claim" pursuant to 42 U.S.C. § 9612(a). Finally, Gerald Moore and Bonnie Moore seek dismissal of this action on the ground that it is barred by the statute of limitations contained in the newly enact-

ed 42 U.S.C. § 9613(g). Each of these motions will be addressed in turn.

## I.

### *Motion By Moor–Fite.*

■ Effective September 1, 1985, Moor–Fite Corporation, a Virginia corporation, was automatically dissolved pursuant to Va.Code § 13.1–752. This dissolution, however, does not render Moor–Fite incapable of being sued for acts allegedly committed in June 1983.

■ The capacity of a corporation to sue or be sued is determined by its law of incorporation. Fed.R.Civ.P. 17(b); *United States v. Northeastern Pharm. & Chem. Co.,* 810 F.2d 726, 746 (8th Cir.1986), *cert. denied,* —— U.S. ——, 108 S.Ct. 146, 98 L.Ed.2d 102 (1987). Virginia Code § 13.1–755 expressly provides that a defunct corporation may be sued for liability incurred prior to the termination of its corporate existence. Since Moor–Fite can be sued as before, it can also be served with process as before. *See Richmond Union P.R. Co. v. New York Seabeach Ry. Co.,* 95 Va. 386, 28 S.E. 573, 574 (1897). Therefore, service in this case upon Gerald Moore, as president of Moor–Fite, was proper.

Accordingly, Moor–Fite's motion to quash service of process is DENIED.

## II.

### *Bonnie Moore As A "Covered Person" Under 42 U.S.C. § 9607(a).*

■ Bonnie Moore seeks dismissal of the complaint against her on the ground that she is not a "covered person" under 42 U.S.C. § 9607(a). She does not dispute the fact that she was an owner, with her husband Gerald Moore, of the Pembroke Avenue site in June 1983. Rather, she argues for dismissal on the ground that, apart from ownership, she took no part in the operation of the property in question. This argument ignores the plain language of the pertinent statute.

Section 9607(a) delineates four classes of persons who are strictly liable for response costs under CERCLA. Although § 9607(a)(1) speaks in terms of "the owner *and* operator of a vessel or a facility" (emphasis added),[1] § 9607(a)(2) is framed in the disjunctive:

> any person who at the time of disposal of any hazardous substance owned *or* operated any facility at which such hazardous substances were disposed of. (Emphasis added.)

Thus, under § 9607(a)(2), Bonnie Moore may be held liable as one who owned the Pembroke Avenue site in June 1983, regardless of whether she participated in the operation of the facility. Section 9601(20)(A), the definitional section, is further support for this reading of the statute. There, "owner or operator" is defined as "any person owning *or* operating such facility" (emphasis added). We must give a common sense reading to these unambiguous provisions.

Bonnie Moore's argument that the last sentence of § 9601(20)(A) exempts her is likewise without merit. Bonnie Moore is not a mere mortgagee, holding ownership primarily to protect a security interest in the property. *See United States v. Maryland Bank & Trust Co.,* 632 F.Supp. 573, 579 (D.Md.1986). Consequently, we need not decide whether the 1986 amendments to § 9601(20)(A), which omit the provision relied upon by Bonnie Moore, apply to this case.

Finally, at this juncture in the proceedings, an issue of fact still exists concerning whether Bonnie Moore was also an "operator" of the facility in question.

Accordingly, Bonnie Moore's motion for summary judgment or for judgment on the pleadings is DENIED.

---

1. Interestingly, it has been held that current ownership of a facility, without more, is sufficient to create liability under § 9607(a)(1), notwithstanding the "and." *United States v. Maryland Bank & Trust Co.,* 632 F.Supp. 573, 577 (D.Md.1986). *See also State of New York v. Shore Realty Corp.,* 759 F.2d 1032, 1044 (2d Cir.1985); *United States v. Conservation Chem. Co.,* 619 F.Supp. 162, 190 (W.D.Mo.1985); *City of Philadelphia v. Stepan Chem. Co.,* 544 F.Supp. 1135, 1140 (E.D.Pa.1982).

## III.

*Claim Requirement of § 9612(a).*

■ Gerald Moore and Bonnie Moore contend that plaintiff, the United States, has failed to meet a jurisdictional prerequisite to the maintenance of this action and that, because of this failure, the action should be dismissed. Defendants rely upon 42 U.S.C. § 9612(a), entitled "Claims against the Fund for response costs."

By the very terms of § 9612(a), it applies to the assertion of claims "against the Fund pursuant to section 9611(a)...." In turn, § 9611 speaks of "claims" only in instances not involving the Government. The United States brought this action pursuant to §§ 9604 and 9607 to recover response costs already incurred. It is not seeking monies from the Superfund, but rather seeks recovery from responsible parties for costs incurred pursuant to its authority under § 9604 to abate the threatened release of hazardous substances.

We agree with the greater weight of authority, and the holdings of the three circuits to have addressed this issue, that § 9607 is independent of §§ 9611 and 9612 and that, therefore, § 9612(a) does not apply to suits brought by the Government for reimbursement of response costs. *Dedham Water Co. v. Cumberland Farms Dairy, Inc.*, 805 F.2d 1074, 1077–82 (1st Cir.1986); *Walls v. Waste Resource Corp.*, 823 F.2d 977, 981 (6th Cir.1987); *State of Idaho v. Howmet Turbine Component Co.*, 814 F.2d 1376, 1379–80 (9th Cir.1987). *See also, e.g., United States v. Carolina Transformer Co.*, 650 F.Supp. 157, 159 (E.D.N.C.1987); *United States v. Dickerson*, 640 F.Supp. 448, 452 (D.Md.1986).

Accordingly, defendants Moores' motion to dismiss for failure to comply with 42 U.S.C. § 9612 is DENIED.

## IV.

*Statute of Limitations of § 9613(g).*

■ Prior to the 1986 amendments, CERCLA did not contain a specific statute of limitations applicable to actions by the United States for reimbursement of response costs. Signed into law on October 17, 1986, 42 U.S.C. § 9613(g) provides for either a three-year or six-year limitations period for actions such as the instant one. The sole issue is whether this new statute of limitations applies retroactively to actions involving response costs incurred prior to its enactment. We conclude below that it does not.

■ We apply the time-honored principle that statutes, as opposed to judicial decisions, operate prospectively only unless legislative intent unequivocally appears to the contrary. *E.g., United States v. Security Industrial Bank*, 459 U.S. 70, 79, 103 S.Ct. 407, 413, 74 L.Ed.2d 235 (1982); *Greene v. United States*, 376 U.S. 149, 160, 84 S.Ct. 615, 621–22, 11 L.Ed.2d 576 (1964); *Miller v. United States*, 294 U.S. 435, 439, 55 S.Ct. 440, 441–42, 79 L.Ed. 977 (1935); *Saunders v. H.K. Porter Co.*, 643 F.Supp. 198, 205 (E.D.Va.1986). Additionally, statutes of limitations sought to be applied to bar rights of the Government must be strictly construed in favor of the Government. *Badaracco v. Commissioner*, 464 U.S. 386, 391, 104 S.Ct. 756, 760–61, 78 L.Ed.2d 549 (1984); *E.I. DuPont de Nemours & Co. v. Davis*, 264 U.S. 456, 462, 44 S.Ct. 364, 366, 68 L.Ed. 788 (1924).

Using this presumption against the retroactive operation of statutes, the Supreme Court has refused to retroactively apply several Congressional Acts. *Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407 (11 U.S.C. § 522(f)(2)); *Davis*, 264 U.S. 456, 44 S.Ct. 364 (Interstate Commerce Act); *Claridge Apts. Co. v. Commissioner*, 323 U.S. 141, 164, 65 S.Ct. 172, 185, 89 L.Ed. 139 (1944) (Chandler Act). More importantly, several federal statutes of limitations have not been accorded retroactive effect. *United States v. St. Louis, S.F. & T. Ry. Co.*, 270 U.S. 1, 46 S.Ct. 182, 70 L.Ed. 435 (1926) (Transportation Act amendments); *Fullerton–Krueger Lumber Co. v. Northern Pacific Ry. Co.*, 266 U.S. 435, 45 S.Ct. 143, 69 L.Ed. 367 (1925) (same); *e.g., Fordham v. Belcher Towing Co.*, 710 F.2d 709 (11th Cir.1983) (General Maritime Law); *James v. Home Construction Co.*, 621 F.2d 727 (5th Cir.1980) (Truth-in-Lending Act). *See also Union Pacific R.R. Co. v. Lara-*

*mie Stock Yards Co.*, 231 U.S. 190, 34 S.Ct. 101, 58 L.Ed. 179 (1913) (Land Grant Act, which permits application of state statutes of limitations). Similarly, several federal courts have rejected the retroactive application of state statutes of limitations. *Kotval v. Gridley*, 698 F.2d 344 (8th Cir.1983); *Doran v. Compton*, 645 F.2d 440 (5th Cir. 1981). Although the Supreme Court in *United States v. Lindsay*, 346 U.S. 568, 74 S.Ct. 287, 98 L.Ed. 300 (1954), retroactively applied the Commodity Credit Corporation Act statute of limitations, it did not announce a different rule of construction from the above. Instead, *Lindsay* is based solely upon the Court's finding of legislative intent for retrospective application.

■ Thus, our analysis begins and ends with Congressional intent. Initially we note that CERCLA is a remedial statute and, as such, must be liberally interpreted in order to effectuate its purposes. *E.g., United States v. Mottolo*, 605 F.Supp. 898, 902 (D.N.H.1985). Indeed, this observation has led the federal courts to uniformly hold that CERCLA applies retroactively to pre-enactment acts. *E.g., United States v. Northeastern Pharm. & Chem. Co.*, 810 F.2d 726, 733 (8th Cir.1986); *United States v. Ward*, 618 F.Supp. 884, 898 (E.D.N.C. 1985). Contrary to defendants' contention, it is consistent with Congressional intent to apply CERCLA to pre-enactment acts but not to apply § 9613(g) retroactively. Indeed, retrospective application of § 9613(g) would subvert Congress' intent to hold responsible parties liable for environmental hazards.

Congress has not expressly spoken on the issue presently before the Court. Section 9613 contains a standard effective date, and refers readers to the note following § 9601, which states that the amendments "shall take effect on the enactment of this Act [Oct. 17, 1986]." Special rules concerning the effective date of certain provisions are set forth by the Conference Committee. *See* 1986 U.S. Code Cong. & Admin.News 2835 at 3276–77. Since § 9613 is not addressed by these special rules, Congress must have intended that the general rule, applying statutes prospec-

tively only, would govern. The absence of a savings clause is further support for this view. *See Security Industrial Bank*, 459 U.S. at 81, 103 S.Ct. at 414; *Kotval*, 698 F.2d at 347 n. 5–6.

Defendants point to several sections of legislative history in support of their position that Congress intended retroactive application of § 9613(g). However, these discussions reveal only that Congress intended to bar stale claims, which is the intent of *any* statute of limitations. We have found no evidence that Congress intended to bar the Government's antecedent right to reimbursement. *See James*, 621 F.2d at 729. Significantly, the legislative history reveals that, due to inadequate resources and mismanagement, the EPA was unable to accomplish CERCLA's intended purposes. As such, by the 1986 amendments to CERCLA, Congress sought to ameliorate these problems and hence allocated more funds for CERCLA clean-ups. *See* H.R. Rep. No. 253(I), 99th Cong., 2d Sess. 54–55, *reprinted in* 1986 U.S. Code Cong. & Admin. News 2835, 2836–37. It is inconsistent with the accomplishment of these purposes to bar claims which have accrued prior to the enactment of § 9613(g).

Defendants further rely on *Bradley v. School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), wherein the Supreme Court stated the principle that courts should apply the law in effect at the time of decision unless legislative direction is to the contrary, or manifest injustice would result. *Id.* at 711, 94 S.Ct. at 2016. *Bradley*, however, is not controlling here because it involved the situation where a statute becomes law during the appeals process and, therefore, relied upon different precedent. *See id.* at 713 n. 17, 94 S.Ct. at 2017 n. 17. *See also State of Idaho v. Howmet Turbine Component Co.*, 814 F.2d 1376, 1379 (9th Cir.1987).

Even assuming, *arguendo*, that *Bradley* controls, we find, as stated above, that legislative direction supports the rejection of retroactive application. *Bradley* stressed the strong policy concerns served by the retroactive application of a statute authorizing attorneys fees in school deseg-

regation cases. Similarly, the policy behind the entire CERCLA scheme supports the denial of defendants' motion. Of course, policy concerns are relevant where a statute leaves a hiatus that must be filled. *Unexcelled Chem. Corp. v. United States,* 345 U.S. 59, 64, 73 S.Ct. 580, 97 L.Ed. 821 (1953). In this same vein, we find that the manifest injustice test of *Bradley* has been met. In short, we "struggle hard against [a] construction which will, by a retrospective operation, affect the rights of the parties." *Bradley,* 416 U.S. at 717, 94 S.Ct. at 2019, *quoting United States v. Schooner Peggy,* 1 Cranch. 103, 110, 2 L.Ed. 49 (1801). *See also Coe v. Secretary,* 502 F.2d 1337, 1340 (4th Cir.1974). Plaintiff had an accrued cause of action prior to § 9613(g), and the cut-off of that substantive right is precisely what courts should struggle hard against doing. *See Friel v. Cessna Aircraft Co.,* 751 F.2d 1037, 1039 n. 4 (9th Cir.1985).

Accordingly, we conclude that 42 U.S.C. § 9613(g) shall not be given retroactive effect. As defendants have sought dismissal solely on the ground of § 9613(g), we need not address whether an analogous statute of limitations, or the doctrine of laches, applies. Defendants motion under 42 U.S.C. § 9613(g) is DENIED.

It is so ORDERED.