# CIRCUIT COURT OF ALBEMARLE COUNTY

Abigail A. Brown

v.

Shenandoah Canteen Corp.

March 2, 2000

Case No. (Law) CL96-6718

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the Plea of Statute of Limitations filed by Defendant, Shenandoah Canteen Corporation. Evidence and argument on the plea occurred on February 11, 2000, and the Court took the matter under advisement to review legal authorities and the evidence.

## *Factual Findings*

On August 29, 1994, the plaintiff was injured when she was shocked by a serving warmer at Piedmont Virginia Community College. The plaintiff filed an original Motion for Judgment on August 1, 1996, naming Compass Group USA, Inc., as the party defendant. Service of process took place on the registered agent, Edward Parker, on Compass Group USA in October of 1996. Compass Group USA admitted on November 1, 1996, that it was the owner in its Grounds of Defense. There is a two-year statute of limitations which ran on August 29, 1996.

During discovery, it was discovered that Compass Group USA was not the owner and operator of the warmer server, but Shenandoah Canteen was. On April 21, 1998, the plaintiff amended her pleading by adding Shenandoah

Canteen as a party defendant, and an order was entered June 25, 1998, permitting the adding of Shenandoah as a party.

On September 1, 1994, Shenandoah was involuntarily terminated by the State Corporation Commission as a corporation in Virginia for failure to pay its registration fees. It was reinstated on May 15, 1997, by the State Corporation Commission. On May 16, 1997, a Mr. Cefaly was appointed registered agent with an address at 813 Nassau Street, Charlottesville, Virginia.

After Shenandoah Canteen was added as a party, the plaintiff attempted service on Mr. Cefaly as registered agent, and he was not found at 813 Nassau Street. The sheriff indicated he had moved to Hagerstown, Maryland, in 1997. Therefore, the plaintiff served the clerk of the State Corporation Commission which is permitted by § 13.1-637 of the Code.

On October 9, 1998, the Plea of the Statute of Limitations was filed by Shenandoah Canteen. Shenandoah Canteen has admitted that it was the owner and operator of the warmer on August 29, 1994, the date of the injury. Furthermore, Shenandoah Canteen has admitted that it never did cease business from August 29, 1994, until it sold the business back to its parent company in 1997. Shenandoah has also admitted that it never had a registered agent at 813 Nassau Street, and it never had another registered agent other than Mr. Cefaly. Mr. Cefaly was president of Shenandoah Canteen from August of 1993 to May of 1997, but he did not know he was the registered agent for the corporation, nor that the company had been terminated by the State Corporation Commission in 1994. After May 16, 1997, he left the company.

Defendant maintains that naming Shenandoah Canteen as a party defendant after the two-year period of the statute of limitations bars the action.

## Question Presented

Is this action against Shenandoah Canteen barred by the statute of limitations of two years?

## Discussion of Authority

The plaintiff relies on § 13.1-755 of the Code which indicates that the termination of corporate existence does not take away or impair any remedy available against a corporation. This is correct in that the termination of a corporation does not cause liability to disappear. However, even though passage of time after the date of dissolution is without significance, general

statutes of limitation referable to the accrual of the cause of action remain applicable. *United States v. Village Corp.*, 298 F.2d 816 (4th Cir. 1962). Thus the case at bar turns on a statute of limitations question.

The plaintiff maintains that there is a tolling of the statute of limitations from the time the corporation went out of existence until the time it was reinstated because there was no way the corporation could be served. The applicable statute governing this type of termination is § 13.1-752(b)(2). It reads:

> If any domestic corporation fails to pay by the due date of the year assessed the annual registration fee, the Commission shall mail notice to the corporation of its impending termination of corporate existence. The corporate existence of the corporation shall be automatically terminated if any such fee is unpaid as of the last day of the fourth month immediately following the due date of that year, and its properties and affairs shall pass automatically to its directors as trustees in liquidation. The trustees shall then proceed to (i) collect the assets of the corporation (ii) sell, convey, and dispose of such of its properties as are not to be distributed in kind to its stockholders, (iii) pay, satisfy, and discharge its liabilities and obligations and (iv) do all other acts required to liquidate its business and affairs.

Va. Code Ann. § 13.1-752(b)(2).

At any time during the statute of limitations, the plaintiff could have served these former directors with process as the affairs of the corporation passed to them automatically. They were obligated by statute to satisfy and discharge its liabilities, including legal ones. As to whether this service would be appropriate, it has already been held that service of process upon the president of a defunct corporation was proper. *United States v. Moore*, 698 F. Supp. 622 (E.D. Va. 1988). Thus the plaintiff could have served Mr. Cefaly as president before his move. Furthermore, Code § 13.1-637(C) states that "This section does not prescribe the only means, or necessarily the required means, of serving a corporation." Thus, even if the registered agent is not available to be served, other means of serving a defunct corporation exist. These means include serving the former president or the former directors who have become trustees.

The plaintiff also argues § 8.01-229(D)(ii), the tolling statute. It states that if there is an obstruction by the defendant of the right to file an action using indirect means, the time is tolled. However, the Supreme Court of Virginia has stated that in order for § 8.01-229(D)(ii) to be applicable, there "must be some

trick or contrivance intended to exclude suspicion and to prevent inquiry. Concealment by mere silence is not enough." *Culpeper National Bank v. Tidewater Imp. Co.*, 119 Va. 73 (1916). There must be some character of fraud present to toll the statute of limitations. There is no evidence that the defendant acted through fraud or suspicious concealment to prevent the filing of an action against Shenandoah Canteen. The only possible theory regarding this would be the absence of Mr. Cefaly. However, his absence is moot as service of process could have been secured elsewhere. This is supported by *Bergman v. Turpin*, 206 Va. 539 (1965), which held that when a plaintiff can obtain service of process upon a defendant before the expiration of the statute of limitations and secure a valid personal judgment if he is so entitled, his remedy is complete and unaffected by the absence of the defendant. Therefore, subsection D of § 8.01-229 is not applicable. There is simply no indication of a level of fraud of such magnitude that § 8.01-229(D) would apply.

As such, there is nothing that would have prevented the plaintiff from filing an amended Motion for Judgment naming Shenandoah Canteen as a party within the applicable statute of limitations period. Shenandoah Canteen could have been validly served by serving the directors, who automatically became the trustees of the corporation. Furthermore, the plaintiff could have served the former president, Mr. Cefaly, who did not move to Maryland until after the statute had run. Valid service could have been obtained within the period of the statute of limitations.

## Conclusion

For the above reasons, the court finds that the statute of limitations bars the plaintiff's claim.