NOT FOR PUBLICATION

FILED

JUN 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JAY ALAN JOSEPHS, as personal representative of the Estate of Kathryn Leibrock-Josephs; ANNIE JOSEPHS; SOPHIE JOSEPHS; CALE JOSEPHS, minor children by their father and guardian Jay Alan Josephs, | ) ) ) ) ) ) ) ) | No. 09-35126 D.C. No. 2:08-CV-00086-SEH **MEMORANDUM**[*] |
| Plaintiffs – Appellants, | ) ) | |
| v. | ) ) | |
| GALLATIN COUNTY, a political subdivision of the State of Montana; GREGORY BISHOP, individually; CITY OF BOZEMAN, a municipality of the State of Montana; SPECTRUM MEDICAL, INC., a Montana corporation; STEPHANIE CATRON, R.N., individually; JOYCE YOUNG, R.N., individually; JOHN DOES, I through V, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants – Appellees. | ) ) | |

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted June 7, 2010[**]
Portland, Oregon

Before:      HALL, FERNANDEZ, and McKEOWN, Circuit Judges.

Jay Josephs ("Josephs") appeals the district court's grant of summary judgment against him and in favor of Gregory Bishop in Josephs' action arising out of the death of his former wife, Kathryn Leibrock-Josephs.[1]  See 42 U.S.C. § 1983. We reverse.

The district court determined that res judicata (claim preclusion)[2] applied to the action against Bishop because Josephs had previously brought an action against Gallatin County (1) which arose out of the same claim, (2) on which a final judgment on the merits had resulted and, (3) as to which the identical parties to this action, or their privies, were involved.  See Mpoyo v. Litton Electro-Optical Sys.,

---

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[1]Josephs brought this action on behalf of his former wife's estate and on behalf of their minor children.

[2]Although the district court referred to issue preclusion, it is plain that the court applied claim preclusion and that its reference to issue preclusion was merely a mislabeling.  Cf. Collins v. Comm'r, 857 F.2d 1383, 1385–86 (9th Cir. 1988) (indicating that mislabeling does not change the analysis).

430 F.3d 985, 987 (9th Cir. 2005); see also Tahoe-Sierra Pres. Council, Inc. v.

Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003) (holding that

where the same parties, or their privies, are involved, the issue is whether the claim

"could have been asserted.")

Regardless of the other elements,[3] Bishop cannot fulfill the requirements of

the third element. Bishop was not a party to the first action. Moreover, he was not

in privity with the other defendants in that action. Gallatin County obtained

judgment in that action on the basis that it was not liable, despite any actions by its

employees; it did not actually defend the actions of its employees. See Waggy v.

Spokane County Wash., 594 F.3d 707, 713 (9th Cir. 2010) (a public entity is only

liable if harm is caused by its own policies or customs). Thus, while an employer-

employee relationship may be sufficient to establish privity,[4] that is only true when

there is adequate representation of the employee's interests,[5] and that plainly did

---

[3]Josephs, by the way, agrees that the prior judgment was final.

[4]See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam); see also Scott v. Rosenberg, 702 F.2d 1263, 1266 (9th Cir. 1983) (prior decision involving employees of same entity).

[5]See Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 691–92 (9th Cir. 2007); Pedrina v. Chun, 97 F.3d 1296, 1301–02 (9th Cir. 1996).

3

not occur here.  Similarly, while an indemnitor-indemnitee relationship[6] can provide privity,[7] it only does so when the indemnitor is sued as the indemnitor of the indemnitee in the prior litigation, and not for his own actions,[8] and that did not occur here.  In fine, privity is lacking.  Thus, claim preclusion does not apply,[9] and we must reverse the grant of summary judgment on the federal claim.  Moreover, we "must reverse the decision to dismiss" the state claims.  See Idaho v. Howmet Turbine Component Co., 814 F.2d 1376, 1380 (9th Cir. 1987).

REVERSED and REMANDED.

---

[6]See Mont. Code Ann. § 2-9-305.

[7]FTC v. Garvey, 383 F.3d 891, 898 (9th Cir. 2004).

[8]Id.

[9]Josephs also argues about issue preclusion, but does so for the first time in his reply brief.  We will not consider that question.  See Katie A. v L.A. County, 481 F.3d 1150, 1162 (9th Cir. 2007); Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

4