**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: GALLATIN COUNTY, a political subdivision of the State of Montana; GREGORY BISHOP, individually; CITY OF BOZEMAN; SPECTRUM MEDICAL, INC., a Montana corporation; STEPHANIE CATRON, R.N., individually; JOYCE YOUNG, | No. 10-73908 D.C. No. 2:08-cv-00086-SEH MEMORANDUM* |
| GALLATIN COUNTY; GREGORY BISHOP; CITY OF BOZEMAN; STEPHANIE CATRON; JOYCE YOUNG, R.N.; SPECTRUM MEDICAL, INC., | |
| Petitioners, | |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA, BUTTE, | |
| Respondent, | |
| JAY ALANS JOSEPHS, as personal represenative of the ESTATE OF KATHRYN LEIBROCK-JOSEPHS; | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ANNIE JOSEPHS; SOPHIE JOSEPHS;
CALE JOSEPHS,

Real Parties in Interest.

Petition for Writ of Mandamus

Argued and Submitted September 1, 2011
Missoula, Montana

Before: O'CONNOR, Associate Justice,[**] REINHARDT and THOMAS, Circuit
Judges.

Petitioners seek an interlocutory Writ of Mandamus ordering the district

court to exercise supplemental jurisdiction over state law claims in a pending

action. They contend that the court failed to comply with the mandate of this court

in *Josephs v. Gallatin County* et. al., No. 09-35126 (9th Cir. 2010) ("*Gallatin I*").

We deny the petition.

The district court erred in concluding that the prior appeal did not require

reinstatement of the supplemental state law claims as directed by this Court when it

revived the federal claim on appeal in *Gallatin I*. *See Craig v. M & O Agencies,*

*Inc.*, 496 F.3d 1047, 1060 n.5 (9th Cir. 2007). The district court's conclusion to

the contrary violated the mandate of our Court in *Gallatin I*, which would normally

_____

[**]     The Honorable Sandra Day O'Connor, Associate Justice for the
Supreme Court, sitting by designation.

require the issuance of a Writ of Mandate. *Vizcaino v. U.S. District Court*, 173 F.3d 713, 719 (9th Cir. 1999).

However, the district court made an alternative holding declining supplemental jurisdiction in the exercise of its discretion, relying on 28 U.S.C. § 1367 (c) (2) and (c) (4). This separate basis for declining to exercise supplemental jurisdiction did not violate *Gallatin I*'s mandate. *Gallatin I* cited *Idaho v. Howmet Turbine Component Co.*, 814 F.2d 1376 (9th Cir. 1987), for its holding that the court "must reverse the decision to dismiss the state claims," *Gallatin I*, 09-35126 at *4 (internal quotation and citation omitted). The apparent rationale for the reinstatement of state law claims in *Howmet Turbine* was that the reason for their dismissal–the dismissal of the federal claims that created the basis for the supplemental jurisdiction–had been removed. There is nothing in *Howmet Turbine*–or in *Gallatin I*–to suggest that the nature of the state and federal claims inherently required that they be heard together in federal court, or that the district court's failure to exercise supplemental jurisdiction over the state law claims involved in this case would be an abuse of discretion. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c) . . . .").

In short, the district court erred in concluding that *Gallatin I* did not require reinstatement of the state law claims. However, once the state claims were reinstated, there is nothing in *Gallatin I* that prevented the district court from making the discretionary decision under 18 U.S.C. § 1367 not to exercise supplemental jurisdiction. That decision is, of course, subject to later appeal upon the entry of final judgment. *See Oliver v. Ralphs Grocery Co.*, __ F.3d __, 2011 WL 3607014, *6 (9th Cir. 2011) (reviewing on appeal for abuse of discretion the district court's decision not to exercise supplemental jurisdiction). We need not–and do not–review the merits of that decision now. We only need determine whether the district court's discretionary decision failed to implement "the letter and the spirit of the mandate," *Vizcaino*, 173 F.3d at 719(quoting *Delgrosso v. Spang & Co.*, 903 F.2d 234, 240 (3rd Cir. 1990), thus making mandamus an appropriate remedy. We conclude it did not. *See Perry v. Schwarzenegger*, 602 F.3d 976, 980 (9th Cir. 2010)(recognizing the "principle that mandamus is available to assure compliance with a prior mandate").

**PETITION DENIED.**