## In re CHARGE OF JUDICIAL MISCONDUCT.

### No. 79–8097.

United States Court of Appeals, Ninth Circuit.

March 21, 1979.

---

ORDER

BROWNING, Chief Judge:

A complaint has been submitted pursuant to the Procedures for Processing Complaints of Judicial Misconduct adopted by the Judicial Council of this circuit on November 10, 1978,* alleging misconduct by a judge of a district court of this circuit.

The complaint is that the judge has not rendered judgment in a pending matter quickly enough. No suggestion is made that decision has been withheld because of incapacity, bad faith, or neglect of office.

 The complaint invokes the Procedures for Processing Complaints of Judicial Misconduct in order to speed the disposition of a single piece of litigation. This is an abuse of the Procedures. They are not intended to provide a tactical option to

---

\* PROCEDURES FOR PROCESSING COMPLAINTS OF JUDICIAL MISCONDUCT
November 10, 1978

The following procedures are established by the Judicial Council of the Ninth Circuit for the receipt and consideration of complaints against federal judges in the circuit:

1. All complaints shall be directed to the chief judge of the circuit.

2. The chief judge may
(a) Reject a complaint that is frivolous, relates to the merits of any decision or procedural ruling of a judge, or relates to conduct of a judge not connected with his judicial office which does not prejudice the administration of justice by bringing the judicial office into disrepute;
(b) Close a complaint, after assuring himself that appropriate corrective action has been taken.

3. If a complaint is rejected or closed by the chief judge, he shall inform the judge complained against, and the complainant, of the rejection or closing of the complaint and the reasons therefor.

4. If the chief judge does not reject a claim and is unable to assure himself that appropriate action has been taken, he shall so certify to the council, and shall refer the complaint to a committee of three judges of the circuit, which may include circuit and district judges, appointed by him to consider the complaint.

5. If the chief judge refers a complaint to a committee, the committee shall inform the judge complained against and conduct such inquiry as the committee considers appropriate. As a part of said inquiry the judge complained against shall be afforded an opportunity to respond to the complaint either in writing or by a personal appearance before the committee, with counsel if desired, or both in writing and by personal appearance. Upon completion of its inquiry, the committee shall submit a report with recommendation to the circuit council and to the judge complained against, setting forth the administrative action that it feels would be appropriate under the circumstances. All papers received by, and proceedings and reports of, the committee shall remain confidential.

6. The council shall take such action upon the recommendation of the committee as the council deems appropriate for the effective and expeditious administration of the business of the courts within its circuit; however, the council shall take no action other than rejecting or closing a complaint without first affording the judge complained against an opportunity to be heard and to present evidence on his behalf.

7. The council shall advise the judge complained against of the disposition and the action taken. The council shall also notify the complainant in a manner it deems appropriate about the disposition of the complaint.

8. Where a judge complained against is the chief judge of the circuit, the complaint shall be referred to the next most senior judge in active service on the Court of Appeals, who shall proceed according to paragraphs 2, 3, and 4 above.

9. A copy of these Procedures shall be filed in the offices of the Clerk of the Court of Appeals and the clerks of each of the district courts of the Ninth Circuit.

counsel in litigation, but to promote "the effective and expeditious administration of the business of the courts within this circuit" (Procedures ¶ 6; 28 U.S.C. § 332(d)) by providing a means for dealing with systematic inability or unwillingness to perform the duties of the judicial office.

[3, 4] If a judge fails or refuses to enter judgment in a particular case when the circumstances require that judgment be entered, a petition for mandamus under the All Writs Statute, 28 U.S.C. § 1651(a), provides an adequate remedy. *Steccone v. Morse-Starrett Products Co.*, 191 F.2d 197, 199 (9th Cir. 1951). The Procedures for Processing Complaints of Judicial Misconduct do not empower the Judicial Council or the chief judge acting alone to pass upon allegations relative to a judge's disposition of a particular piece of litigation, absent any suggestion of corruption or other impropriety or any indication of a broader pattern of conduct evidencing incapacity, arbitrariness, or neglect of office.

The complaint is therefore rejected. *See* Procedures ¶ 2(a).