## In re CHARGE OF JUDICIAL MISCONDUCT.

### No. 80–8026.

United States Court of Appeals, Ninth Circuit.

Feb. 15, 1980.

---

BROWNING, Chief Judge:

A complaint alleging misconduct by two district court judges of this circuit has been lodged by three inmates of the Arizona State Prison. The complaint seeks administrative remedies for the alleged misconduct and is therefore controlled by the Procedures for Processing Complaints of Judicial Misconduct, adopted on November 10, 1978 by the Judicial Council of the Ninth Circuit.

See *In re Charge of Judicial Misconduct,* 593 F.2d 879, 880 (9th Cir. 1979). These Procedures were adopted by the Judicial Council under the authority of 28 U.S.C. § 332(d) to promote "the effective and expeditious administration of the business of the courts within [this] circuit." Procedures ¶ 6; 28 U.S.C. § 332(d).

The complaint alleges that the district court judges displayed bias against the complainants, failed to notify the class members of a class action suit, and improperly granted defendants' motions to dismiss for failure to state a claim upon which relief may be granted. None of the grounds advanced by the complaint suggests incapacity, corruption, neglect of office, or a continuing pattern of misconduct on the part of the judges; each is limited to the judge's rulings in litigation of the particular complainants.

■ The Judicial Council's Procedures provide administrative remedies available in the absence of alternative judicial remedies. *In re Charge of Judicial Misconduct,* 595 F.2d 517 (9th Cir. 1979); see *In re Charge of Judicial Misconduct, supra,* 593 F.2d at 881. Because there is a judicial mechanism for disqualification of judges who have a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1), complainants' resort to the Procedures to remedy an alleged bias is inappropriate.

■ The second and third grounds alleged in the complaint concern procedural errors and improper dismissals on the merits by the district judges. The Procedures are not intended to provide an alternative avenue for appealing a judge's rulings in a particular case, as evidenced by paragraph 2(a) of the Procedures, which provides for rejection of a complaint if it "relates to the merits of any decision or procedural ruling of a judge . . . ." As stated in *In re Charge of Judicial Misconduct, supra,* 593 F.2d at 881,

The Procedures for Processing Complaints of Judicial Misconduct do not empower the Judicial Council or the chief judge acting alone to pass upon allega-

tions relative to a judge's disposition of a particular piece of litigation, absent any suggestion of corruption or other impropriety or any indication of a broader pattern of conduct evidencing incapacity, arbitrariness, or neglect of office.

None of the allegations in the complaint is appropriate for administrative processing under the Procedures. The complaint is therefore rejected.