UNITED STATES of America, Plaintiff,

v.

Thomas Michael McKINLAY, Defendant.

No. CR 80–85PA.

United States District Court,
D. Oregon.

Aug. 26, 1980.

Order Sept. 2, 1980.

Asst. U. S. Atty., Jack C. Wong, Portland, Or., for plaintiff.

Mark Edward Griffin, Portland, Or., for defendant.

ORDER *

PANNER, District Judge:

Defendant Thomas Michael McKinlay, through his attorney, Mark Griffin, has filed a Motion to Recuse or Disqualify under 28 U.S.C. §§ 144, 455. The motion alleges "personal bias or prejudice," and that "[t]he impartiality of Judge Owen M. Panner in these proceedings might reasonably be questioned." The attached affidavit of McKinlay recites:

(1) "the unprofessional manner in which Judge Panner permitted the United States Attorney to treat Dr. Henry Dixon;"

(2) "the manner in which Judge Owen M. Panner has treated my attorney during these proceedings; for example, Judge Panner has accused my attorney of saying things which my attorney did not say;" and

(3) "Judge Owen M. Panner does not like my attorney because my attorney is trying to insure that my constitutional rights are protected."

When such a motion is filed, the initial reaction is to recuse. Such a course, however, is not available to me under the law. It is my duty to make two objective determinations:

(1) Whether the motion and affidavit are sufficient for recusal under Section 455, and

* Oral Opinion.

(2) Whether the affidavit is legally sufficient to require another judge to hear the Section 144 motion.

▮ In making the determinations required by Section 455, it is necessary that I objectively and conscientiously evaluate my own personal feelings and determine whether my impartiality might be reasonably questioned. This section is directed to me and is self-enforcing on my part. *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980); *Davis v. Board of School Commissioners of Mobile County*, 517 F.2d 1044, 1051 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

There is no provision for referral of the question of recusal under this section to another judge. If I am aware of any grounds for recusal under Section 455, I must recuse myself. In analyzing this, I must decide whether I have a personal bias or prejudice concerning a party. *United States v. Sibla*, 624 F.2d at 868.

The trial of a criminal case presents challenges to all the attorneys involved and to the judge. The attorneys quite properly believe strongly in their cause and quite properly must represent their client with their utmost vigor and ability. When this energy and enthusiasm is expended, intense feelings may develop. Occasionally, in the process, those involved feel, justifiably or otherwise, that they have been abused. This happens to both lawyers and judges.

On occasion, defense lawyers, government lawyers and even judges make mistakes. I am sure lawyers feel this is especially true of new judges.

This case has been particularly charged with emotion from the beginning. Defendant's attorney charged the government with intentionally impeding defense investigation of the case through illegal advice to witnesses and through promises, threats and intimidation of witnesses and prospective witnesses being told not to speak to the defendant's investigator. Defendant filed a motion to dismiss or in the alternative a motion to continue without identifying the issues that were involved and subpoenaed eleven bank witnesses for a pretrial hearing a day prior to the scheduled date of the trial. Defendant's investigator indicated to the witnesses that the subpoenaes requiring them to appear in Court the day before the trial were retaliatory.

Defendant orally filed a Rule 12.2 insanity notice and a motion for continuance on June 26, 1980 with the trial scheduled to start July 2, 1980.

The government then subpoenaed the defense psychiatrist to determine whether or not defendant had timely filed a notice of intent to rely on an insanity defense. Testimony was taken commencing early in the morning and continuing the better part of the day in order to determine defendant's motions before the trial was scheduled to commence. Each party charged the other with failure to make discovery. After the trial was rescheduled on defendant's motion to a date satisfactory to defendant, there was a dispute as to excludable delay under the Speedy Trial Act up to the date of the trial. Thereafter defendant filed a Petition for Mandamus.

Under these circumstances, the Court has a responsibility to make rulings and upon occasion to recommend consideration be given to sanctions. This is particularly true when the conduct of an attorney threatens the ability of the Court to get a criminal case to trial.

▮ Such rulings and considerations cannot and must not constitute the basis for recrimination by either the lawyers or the judge. Of paramount consideration is defendant's right to a fair trial and it is the professional responsibility of the attorneys and the Court to conduct the trial so as to guarantee that right to the defendant.

If a judge were to be disqualified by virtue of adverse rulings and a recommendation that sanctions be considered, the judicial process could be very easily impeded by inappropriate conduct.

The courts have recognized this in holding that bias or prejudice must be directed against a party and must stem from an extrajudicial source. *United States v. Sib-*

*la*, 624 F.2d at 868. In this matter, each of the defendant's charges arises from judicial proceedings in this case except for the reference to the case of *United States v. Rebecca Smith*, CR 80–34; I will comment on that later.

It is necessary first to address § 455 and determine whether there is any basis for determining that my impartiality might reasonably be questioned. In this connection, I have evaluated *United States v. Ritter*, 540 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976), from the Tenth Circuit. I recognize that the Ninth Circuit in *United States v. Sibla* requires that the bias or prejudice be directed against a party. However, in light of *United States v. Ritter*, I have evaluated the question of whether or not there is any bias or prejudice under any circumstances against the defendant's attorney. The defendant's attorney is an experienced public defender. He has a duty to present his client's cause to the best of his ability. While I may not agree in each instance with the method of that presentation, it is my responsibility to rule objectively in each instance and my sole dedication is to provide a fair trial for both the defendant and the government. I am satisfied I can do that and that there is no bias for questioning my impartiality. The motion is DENIED as to Section 455.

It now becomes necessary to consider Section 144. Although the substantive test for bias or prejudice is identical in Sections 144 and 455, the procedural requirements of the two sections are different. Section 144 conditions relief upon the filing of a timely and legally sufficient affidavit. *United States v. Sibla*, 624 F.2d at 867; *United States v. Azhocar*, 581 F.2d 735, 738–40 (9th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979).

If the affidavit specifically alleges facts stating grounds for recusal under Section 144, the motion must be referred to another judge for a determination of its merits. The motion filed by the defendant sets forth as grounds only bias or prejudice towards the defense counsel and not towards the defendant. The defendant's affidavit in Paragraph 2 states generally that the defendant believes that I am biased and prejudiced against him. There are no other allegations contained in the affidavit to indicate any bias or prejudice against the defendant. The other allegations of the affidavit charge that I am biased and prejudiced against the defendant's counsel and in favor of the government. As noted before, all of these charges from the face of the affidavit arise from the judicial proceedings in this particular case except with respect to *United States v. Smith*. The references to *United States v. Smith* contained in Paragraph 4 and indicating alleged bias or prejudice against the defendant's attorney are insufficient for the purposes of Section 144 in the Ninth Circuit. *United States v. Sibla*, 624 F.2d at 868–69. The transcript in *United States v. Smith* reveals that defendant pleaded guilty and received a split sentence under the Youth Correction Act. Defendant filed a notice of appeal. The United States Attorney wrote the letter which is attached to the defendant's affidavit and thereafter defendant filed a motion for stay pending the appeal. In an effort to determine whether defendant was seriously propounding a meritorious appeal, required under the statute, I asked for a hearing. I inquired as to the nature of defendant's theory so that if, as a new judge, I had made some technical error the sentence could be corrected without appeal. In connection with the application for stay and in light of the United States Attorney's letter, I felt it was my duty to make a determination as to whether defendant seriously contended there was an appealable issue. Upon learning that defendant's attorney had analyzed *United States v. McDonald*, 611 F.2d 1291 (9th Cir. 1980), and based upon his statement that he believed it was decided erroneously, I granted the stay.

It is significant that the affidavit in Paragraph 4 states that Mr. Griffin believes that the bias and prejudice against him exists as a result of that appeal. Perceived bias and prejudice under those circumstances cannot be the basis for recusal.

The affidavit fails to allege bias or prejudice against a party stemming from an extrajudicial source and under the circumstances the motion under Section 144 is DENIED.

IT IS SO ORDERED.

## ORDER ON MOTION FOR RECONSIDERATION

Late on the afternoon of the Friday before the Labor Day weekend, August 29, 1980, McKinlay, through his attorney Mark Griffin, filed a "motion to reconsider denial of defendant's motion to recuse; motion to disqualify." The 29 August motion is accompanied by a copy of the 22 August "government's request for permission to address, during its case in chief, the issue of insanity;" an affidavit by Nancy Gaitskill—a non-party; and a copy of my order allowing the government's request, dated 25 August and filed on 26 August. Because the defendant, through his attorney, has already set his guilty plea hearing for the morning of 2 September, the Tuesday following the three-day Labor Day weekend, I have quickly reviewed the motion to reconsider. I deny the request for recusal for essentially the same reasons that I denied the original motion to recuse on 26 August 1980.

As I noted at the 26 August hearing, I am required to rule on such a motion under 28 U.S.C. § 455 because it raises an issue of bias and prejudice. The motion to reconsider reasserts all the grounds alleged before, and adds the allegation that I reneged on a promise to allow defense counsel 48 hours to respond to the government's request. This "promise" was allegedly made at the 19 August hearing. The minute order reads, in pertinent part:

> ORDERED defendant's motion for extension of time to file motions DENIED—must file motions within 48 hrs. Ordered government to deliver Jencks Act material to defendant by Tuesday, Aug. 26. Government moves to take testimony of Dr. Moss out of order—ordered government to file motion—deft may have 48 hrs to respond.

(Document # 59). The transcript reveals the following parallel oral ruling:

> THE COURT: ... So I'm going to deny that motion for an extension of time in which to file any further motions.
>
> If there is some particular motion that you wish to file and you can make some showing as to why you needed those transcripts, I'll consider it, provided it's filed and supported by appropriate affidavits within the next 48 hours.

(RT of 19 August 1980, p. 21, lines 3–9).

> THE COURT: ... [U]nder those circumstances, I will consider your motion, Mr. Wong, if you file a motion supported by authorities, and will shorten the time for response, because the defendant has had notice of it.
>
> I will allow the defendant 48 hours to respond to your motion and with authorities and then I will rule on it.

(*Id.* at p. 33, lines 4–11).

> THE COURT: Well, I'll rule that as soon as you get me the authorities and we give Mr. Griffin a chance to respond, I will rule on it. I have not received his memorandum that he says he filed today, which is understandable and I don't have any memorandum from you on it, so I simply have not evaluated that issue. I will do it as quickly as possible, after you get it to me, so you can make your decision as to what to do and it will not be necessary to re-appear and argue it.
>
> I will, if I have your authorities, in the light of this argument, go ahead and rule on it promptly.

(*Id.* at p. 33, lines 18–25, p. 34, lines 1–5). Griffin had indeed, on 19 August, filed a memo in opposition to the government's letter requesting permission to have its psychiatrist testify out of order (Document # 57). Within the 48 hours specified, Griffin filed a motion to recuse, accompanied by McKinlay's affidavit and the required certification of counsel. (Document # 60, filed 21 August 1980). On the next day, the government filed its formal written motion requesting permission to address the issue of insanity during its case-in-chief. (Docu-

ment # 61, filed 22 August 1980). That same day, Griffin filed an additional memorandum of law in support of the motion to recuse, (document # 62, filed 22 August 1980) and an affidavit by Griffin (document # 63, filed 22 August 1980). Griffin requested expedited treatment (document # 66, filed 22 August 1980), and a hearing was scheduled for the afternoon of Tuesday, 26 August, the next available court date following the weekend and a heavily calendared Monday.

At that hearing, I orally denied the motion to recuse on the grounds that under section 455, I was not biased or prejudiced against the defendant, and that under section 144, McKinlay's affidavit was not legally sufficient to require a hearing before another judge. That same day, my order allowing the government's request to call its psychiatrist out of order was filed. At the time that order was filed (26 August) I had before me Griffin's 19 August opposition (document # 57), Griffin's oral opposition to the request, recorded in the official transcript (document # 69, filed 25 August 1980), and the government's formal written motion (document # 61, filed 22 August 1980). Griffin had filed his original motion to recuse within that allotted time. In any event, the order was not filed until at least 72 hours had elapsed from the time the government filed its formal written motion—albeit the fact that 48 of those hours were over a weekend.

Defendant was entitled to 48 hours from the time he received the government's formal written motion within which to file a response. His response to that formal motion was received on 26 August, within 48 business hours of the government's filing, and that response does more fully articulate his opposition to the government's request. It was my error in failing to allow him the full 48 hours. Such an error does not provide a legally sufficient basis for a charge of bias and prejudice under section 455, and I deny the motion for recusal under section 455.

The motion for reconsideration for recusal under section 144 is also denied, on the grounds that no additional affidavit by the party (McKinlay) has been filed, that his only affidavit is conclusory, and therefore the motion and affidavit under section 144 is legally insufficient to trigger the requirement that the section 144 motion be heard before another judge.

IT IS HEREBY ORDERED that:

(1) The motion for reconsideration is granted;

(2) The motion to recuse under 28 U.S.C. § 455 is again denied, and

(3) The motion to recuse under 28 U.S.C. § 144 is again denied.