691 F.2d 924
 In re CHARGE OF JUDICIAL MISCONDUCT.
 No. 82-8059.
 
 1
 The Judicial Council of the Ninth Circuit.
 
 
 2
 Nov. 1, 1982.
 
 ORDER
 
 3
 Before WRIGHT, GOODWIN, KENNEDY, and PREGERSON, Circuit Judges; and REAL, KELLEHER, McGOVERN, and KING, District Judges.*
 
 
 4
 A complaint alleging judicial misconduct and dismissed by the Chief Judge on July 15, 1982, has been referred to the Judicial Council of the circuit for review, pursuant to the complainant's petition to the council, filed August 9, 1982. The complainant filed a Supplemental Memorandum on August 30, 1982. The request for review is made pursuant to 28 U.S.C.A. § 372(c)(10) (Supp.1982).
 
 
 5
 Complaint is made against a judge of the district court of this circuit and it is alleged that:
 
 
 6
 1. The district judge failed to process expeditiously the complainant's pending civil action;
 
 
 7
 2. The judge conspired with a United States Senator and with judges of other circuits to deprive complainant of his right to be heard by an impartial court with the assistance of effective counsel; and
 
 
 8
 3. The district judge was biased and had a conflict of interest.
 
 
 9
 In the Supplemental Memorandum of August 30, 1982, the complainant asserts additionally that he has been denied equal protection of the laws in that Chief Judge Browning's order herein failed to appoint counsel for the complainant.
 
 
 10
 The initial complaint herein asserted that this "matter must be referred to the FBI for investigation and submission to a Grand Jury for prosecution". The petition for council review states that the executive branch has advised complainant that his charges are not within the authority of that branch.
 
 
 11
 The complaint procedures of this circuit provide administrative remedies only in the absence of an appropriate judicial remedy. See In re Charge of Judicial Misconduct, 613 F.2d 768, 769 (9th Cir. 1980).
 
 
 12
 A petition for writ of mandamus provides an adequate remedy if a judge fails or refuses to act when circumstances require a ruling. See In re Charge of Judicial Misconduct, 593 F.2d 879, 881 (9th Cir. 1979). Disciplinary procedures are unavailable when a litigant declines to utilize existing avenues of relief.
 
 
 13
 Other judicial remedies are available to disqualify a judge for bias or prejudice or if his impartiality might reasonably be questioned. Again, administrative complaints are inappropriate. See In re Charge of Judicial Misconduct, 595 F.2d 517 (9th Cir. 1979).
 
 
 14
 This council is without authority to direct that the Federal Bureau of Investigation conduct an investigation of nebulous charges, unsupported by any factual allegations.
 
 
 15
 The complainant's vague references to cases pending in two other circuits and to his correspondence with the office of a United States Attorney provide no factual support of his complaint. No details have been provided and no copies of correspondence, pleadings or other records are attached.
 
 
 16
 The Chief Judge correctly characterized as frivolous the charge of conspiracy between the district judge, a senator and other judges. The allegation of conspiracy was not supported by factual allegations.
 
 
 17
 There is no authority requiring the appointment of counsel for complainant in this proceeding. Nor is counsel necessary to assist the council to understand the contentions presented.
 
 
 18
 Finally, the complainant requests that the council make an appointment for him with the FBI in St. Louis, Missouri, so that he might present his evidence to that agency. The council has no such authority or duty.
 
 
 19
 The petition for review is dismissed.
 
 
 
 *
 Chief Judge Browning did not participate in the consideration or decision of this matter