## In re CHARGE OF JUDICIAL MISCONDUCT.

### No. 86–8011.

Judicial Council of
the Ninth Circuit.

Jan. 30, 1986.

JAMES R. BROWNING, Chief Judge.

A complaint alleging misconduct has been filed against a former bankruptcy judge of this circuit pursuant to the Ninth Circuit Procedures for Processing Complaints of Judicial Misconduct, 28 U.S.C. 9th Cir.R.App. B, issued under the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980. Pub.L. No. 96–458, 94 Stat. 2035 (1980).

The statute permits the filing of complaints only against circuit, district, or bankruptcy judges, or magistrates, 28 U.S.C. § 372(c)(1) (1982), and only regarding "conduct prejudicial to the effective and expeditious administration of the business of the courts, or alleging that such a judge or magistrate is unable to discharge all the duties of office by reason of mental or physical disability." *Id.* The goal of the statute and Procedures is to provide "a means for dealing with systematic inability or unwillingness to perform the duties of judicial office." *In Re Charge of Judicial Misconduct,* 593 F.2d 879, 881 (9th Cir. 1979).

Although no order dismissing a complaint against a former judge or magistrate has heretofore been published, such complaints have been routinely dismissed. Such conduct can no longer prejudice the effective administration of the courts by the person complained of, or the discharge by that person of all the duties of judicial office. The several remedial methods prescribed by 28 U.S.C. § 372(c)(6)(B) are clearly directed at preventing the recurrence of actions by that judicial officer that might impair the administration of justice. When the subject of the complaint is no longer a judicial officer, he is beyond the reach of these procedures and the remedies they prescribe.

Accordingly, the complaint is dismissed.