858 F.2d 331
 In re COMPLAINT OF JUDICIAL MISCONDUCT.
 Nos. 88-6-372-14, 88-6-372-15.
 
 1
 The Judicial Council of the Sixth Circuit.
 
 
 2
 Sept. 28, 1988.
 
 MEMORANDUM
 
 3
 This is a complaint filed with the Judicial Council of the Sixth Circuit pursuant to the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980, P.L. 96-458, and the Rules Governing Complaints of Judicial Misconduct adopted by the Judicial Council of the Sixth Circuit.
 
 
 4
 The Act and the Rules provide for the initial screening of complaints by the Chief Judge of the Circuit. The Chief Judge may dismiss a complaint:
 
 
 5
 (a) that is frivolous; or
 
 
 6
 (b) that directly relates to the merits of a decision or procedural ruling of a judge; or
 
 
 7
 (c) that fails to allege conduct or a condition of a judge or magistrate which is prejudicial to the effective and expeditious administration of the business of the courts.
 
 
 8
 The complainant filed two separate habeas corpus petitions in the district court. In each instance, the magistrate to whom the habeas petition was referred ordered the respondent attorney general to file a response by a date certain. In each instance the attorney general failed to file the response, within the time required. The complainant has filed two complaints of judicial misconduct, each alleging that the magistrate complained against has committed judicial misconduct by permitting the attorney general in the district court to violate the order to respond to the habeas petitions. In addition, in Complaint No. 88-6-372-15, the complainant objects to the magistrate's failure to appoint counsel to represent him.
 
 
 9
 With respect to the default by the respondent attorney general in the underlying habeas corpus litigation, it is clear that there is no jurisdiction under 28 U.S.C. 372(c) to discipline the magistrates complained against. The complaint procedures established by the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980, P.L. 96-458, and the Rules Governing Complaints of Judicial Misconduct provide administrative remedies only in the absence of appropriate judicial remedies. See In re Charge of Judicial Misconduct 691 F.2d 924 (9th Cir.1982). The complaint about the failure to appoint counsel is, of course, directly related to the merits of the decision of the magistrate complained about. The complaints therefore are subject to dismissal.