**UNITED STATES of America, Plaintiff,**

v.

**James PARSONS, et al., Defendants.**

**Civ. A. No. 4:88–cv–75–HLM.**

United States District Court,
N.D. Georgia,
Rome Division.

June 21, 1990.

Robert Wayne Caplan, U.S. E.P.A., Daniel A. Caldwell, III, Office of U.S. Atty., N.D.Ga., Atlanta, Ga., Jon A. Mueller, Environmental Enforcement Section, Land

and Natural Resources Div., Washington, D.C., for U.S.

James Parsons, Lafayette, Ga., pro se.

P. Douglas Morrison, Clearwater, Fla., pro se.

Scott Cunningham, Palm Harbor, Fla., pro se.

Naomi McCalli, Chattanooga, Tenn., pro se.

Kenneth Pardue, Chattanooga, Tenn., pro se.

## MEMORANDUM ORDER

HAROLD L. MURPHY, District Judge.

Under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 *et seq.*, Congress established a fund, commonly known as the "Superfund," for the purpose of removing hazardous materials. The facts underlying this case, which was brought by the government to recover costs it incurred in cleaning up such materials, are set forth in this Court's summary judgment decision. *United States v. Parsons*, 723 F.Supp. 757 (N.D. Ga.1989). In that decision, the Court determined (1) that all the defendants were liable, under § 9607(a), for response costs and (2) that all the defendants, except Morrison, were liable for punitive damages (three times the response costs), under § 9607(c)(3), as a matter of law.

The government thereafter filed a second partial summary judgment motion to determine the amount of its response costs. None of the defendants responded to that motion, and the Court found as a matter of law that the response costs were $753,-391.24 and that all the defendants, except Morrison, were liable to the government for three times that amount, or $2,260,-173.72.

The case proceeded to a jury trial on the sole issue of whether Morrison was liable for punitive damages. At the conclusion of the evidence, the Court directed a verdict for the government because the undisputed evidence showed that Morrison did not have a good faith basis for not complying with the administrative order. Final judgment was entered against all the defendants, jointly and severally, for treble damages in the amount of $2,260,173.72.

Morrison now asks the Court to recuse itself from the case due to bias, and alternatively moves for a new trial. Additionally, the government moves to amend the judgment because, it claims, the defendants are liable for response costs *plus* the punitive damages, which would total $3,013,564.90.

### Morrison's Motion to Recuse

Morrison moves the Court to recuse itself based on bias which he claims is evident from comments the Court made during the trial. Specifically, Morrison objects that the Court "accused [him] of making a lot of 'noise' on a particular issue" and refused to require a government witness on cross-examination to respond to Morrison's question of "whether or not this case was being tried in the United States where due process of law is an integral part of the system or whether we were in Russia." Morrison contends that the Court showed his disdain for Morrison and should be recused.

The government responds that Morrison has not shown a basis for recusal and contends that, in any event, the proper recusal procedure is for Morrison to lodge a complaint with the Eleventh Circuit Court of Appeals.

■ Procedurally, Morrison's motion was properly made to this Court under 28 U.S.C. § 455, which provides for a judge to recuse himself based on bias or prejudice in a particular case. *In re Charge of Judicial Misconduct*, 595 F.2d 517 (9th Cir. 1979); *United States v. McKinlay*, 543 F.Supp. 462, 463 (D. Or.1980) (§ 455 is "self-enforcing") *citing United States v. Sibla*, 624 F.2d 864, 868 (9th Cir.1980) and *Davis v. Board of School Commissioners of Mobile County*, 517 F.2d 1044, 1051 (5th Cir.1975), *cert. denied* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). Title 28 U.S.C. § 372, to which the government refers, authorizes a complaint made to the circuit court if no other judicial remedies are available—if, for example, the complaint is that the judge has a pattern of

bias that effects more than the pending proceeding. *See Complaint of Judicial Misconduct,* 858 F.2d 331 (6th Cir.1988); *In re Charge of Judicial Misconduct,* 691 F.2d 924, 925 (9th Cir.1982).

If, on the other hand, the complaint against the judge is supported by an affidavit, and the affidavit is "legally sufficient," then the truth of the matters alleged must be determined by another judge. 28 U.S.C. § 144; *Davis v. Board of School Commissioners,* 517 F.2d at 1051; *United States v. McKinlay,* 543 F.Supp. at 462–63.

■ Substantively, Morrison's motion lacks merit because the statements that he finds objectionable were directed at the evidence and not at him personally, and were not obtained from an extrajudicial source. *See United States v. Phillips,* 664 F.2d 971, 1002 ("an allegation of bias sufficient to require disqualification must demonstrate that the bias is personal as distinguished from judicial in nature ... [and] must stem from an extrajudicial source"), *cert. denied* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 and 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982).

### Morrison's Motion for a New Trial

Under 42 U.S.C. § 9607(c)(3), a person who

fails without sufficient cause to properly provide removal or remedial action upon order of the President ..., may be liable to the United States for punitive damages in an amount at least equal to, and not more than three times, the amount of any costs incurred by the Fund as a result of such failure to take proper action.

As stated above, the Court commenced a jury trial to determine whether Morrison was liable for punitive damages. Morrison argues that the Court erred in making certain evidentiary rulings and should not have directed a verdict for the government.

The Court has reviewed its evidentiary rulings and stands by them. Morrison argues, nevertheless, that the case should have been submitted to the jury because § 9607(c)(3) provides that punitive damages "may" be awarded even if no sufficient cause is shown.

Morrison's interpretation of the discretionary nature of the statute is supported by the decision in *United States v. Reilly Tar & Chemical Corp.,* 606 F.Supp. 412, 418–21 (D.Minn.1985). The Court in *Reilly Tar* was concerned with whether § 9607(c)(3) provided procedural due process prior to the imposition of punitive damages, and was not faced with whether punitive damages were authorized under given facts. This Court's ruling that the trial evidence did not create a jury issue, *i.e.,* that Morrison had not shown a factual basis for an equitable exception from punitive damages, is consistent with *Reilly Tar's* construction of the statute.

For the foregoing reasons, a new trial is not warranted.

### The Government's Motion to Amend the Judgment

■ The government moves to correct the judgment because, it contends, it is entitled to punitive damages in addition to the response costs, under the language of § 9607(c)(3). For the following reasons, the Court disagrees.

"Covered" persons, within the meaning of § 9607(a), are liable for "response costs" incurred by the government in removing hazardous substances. § 9607(c)(2). In certain circumstances, as discussed, a covered person is liable for punitive damages in the amount of three times the response costs. § 9607(c)(3).

Section 9607(c)(3) provides further that "punitive damages ... shall be in addition to any costs recovered from such person pursuant to section 9612(c) of this title." In the case at bar, however, the government did not recover costs under § 9612(c). Under that section, the government is subrogated to the rights of a Superfund claimant who received money from the Superfund. Where no Superfund claim is involved and the United States brings suit for reimbursement of response costs, the provisions of § 9612 do not apply. *See Walls v. Waste Resource Corp.,* 823 F.2d 977, 981 (6th Cir.1987); *State of Idaho v. Howmet Turbine Component Co.,* 814 F.2d 1376, 1379–80 (9th Cir.1987); *Dedham*

*Water Company v. Cumberland Farms Dairy Co.,* 805 F.2d 1074, 1077–82 (1st Cir.1986); *United States v. Moore,* 698 F.Supp. 622, 625 (E.D. Va.1988) *United States v. Carolina Transformer Co.,* 650 F.Supp. 157, 159 (E.D.N.C.1987) and *United States v. Dickerson,* 640 F.Supp. 448, 452 (D.Md.1986).

In sum, this case was brought by the government for reimbursement of response costs, and not to replenish the Superfund via § 9612(c)'s subrogation provisions. Under § 9607(c)(3), therefore, the defendants in this case are liable for treble, and not quadruple, damages for failing, without sufficient cause, to clean up the hazardous materials at issue.[1]

### Conclusions

Morrison's motion for recusal or for a new trial is DENIED; the government's motion to amend the judgment is DENIED.

IT IS SO ORDERED.

---

1. In light of the authorities and reasoning discussed in the text, the Court respectfully disagrees with that portion of *Wagner Elec. Corp. v. Thomas,* 612 F.Supp. 736 (D.Kan.1985), cited by the government, that says that the government is entitled to quadruple damages when punitive damages are imposed for money drawn from the Superfund. Significantly, *Wagner's* discussion of the issue is *dicta* and did not mention the distinction between suits by the government to reimburse response costs as opposed to suits by the government pursuant to subrogation rights.