In Re the Complaint of Thomas L. and Carol LATIMER against United States Chief District Judge Barefoot Sanders under the Judicial Conduct and Disability Act of 1980.

Judicial Council of
the Fifth Circuit.

Jan. 13, 1992.

## ORDER

On November 4, 1991, Thomas L. and Carol Latimer filed a complaint against Judge Barefoot Sanders pursuant to the Judicial Conduct and Disability Act of 1980, 28 U.S.C. § 372(c).  Pursuant to § 372(c)(2), the complaint was referred to Chief Judge Charles Clark and by him certified to a special investigating committee composed of the said Chief Judge, Circuit Judges W. Eugene Davis and Jerry E. Smith, and District Judges William Wayne Justice and Neal Biggers.  That committee reported to the Council a recommendation that the complaint be dismissed on the basis that it did not raise a matter cognizable under § 372(c) because a judicial remedy had existed and still existed to remedy the matter complained of.  The Council unanimously approves and adopts the report, and, pursuant to § 372(c)(14)(A), the Council determines that a copy of the report of the special investigating committee should be released to the complainants and to Judge Sanders.

The principal assertion in the complaint was that Judge Sanders improperly failed to disqualify himself in Civil Action CA3–88–2772H, styled *Latimer, et ux. v. SmithKline & French Division of*

*SmithKline Beckman Company, et al.,* in the United States District Court for the Northern District of Texas, despite the fact that he had a disqualifying financial interest in such litigation. The complaint alleged that Judge Sanders held an interest in a competitor of one of the parties defendant, and that Judge Sanders' brother was an officer and stockholder in that competitor. This interest was alleged to have created bias and prejudice evinced by judicial rulings on procedural aspects of the above styled and numbered civil action and by the order dismissing the complaint on summary judgment. Complainants also asserted that Judge Sanders rejected their post trial and appeal request to set the judgment aside because of the foregoing conflicts of interest. The complaint requested that the judgment of the district court and its affirmance by the Court of Appeals (919 F.2d 301 (5th Cir.1990)), be set aside, a new trial granted, and Judge Sanders disqualified from presiding at such new trial.

28 U.S.C. § 372(c) expressly excludes matters directly related to the merits of a decision or procedural ruling. To the extent complainants seek to set aside decisions and procedural rulings of the District Court for the Northern District of Texas or the Court of Appeals for the Fifth Circuit, the complaint should have been dismissed by the Chief Judge under § 372(c)(3)(A)(ii).

Complainants do not assert that they ever sought disqualification of Judge Sanders during the course of proceedings in the District Court or in the Court of Appeals. The first suggestion of disqualification was made after the time the District Court entered its final judgment and after that judgment had been appealed and affirmed by the Court of Appeals. Rather than initiating legal proceedings regarding the alleged conflict of interest by Judge Sanders when complainants assert they first learned thereof, the complainants corresponded with the trial judge. After that was unavailing, they filed the present complaint.

Judicial remedies to correct orders rendered by a disqualified judge appear to have been available when complainants first acted, and might still be available to today. *Health Services Acquisition Corp. v. Liljeberg,* 796 F.2d 796 (5th Cir.1986), *aff'd.* 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). An administrative complaint under 28 U.S.C. § 372(c) is not a substitute for judicial processes. *In re Charge of Judicial Misconduct,* 691 F.2d 924 (9th Cir.1982); *In re Charge of Judicial Misconduct,* 613 F.2d 768 (9th Cir. 1980); *In re Charge of Judicial Misconduct,* 595 F.2d 517 (9th Cir.1979).

The complaint is DISMISSED. 28 U.S.C. § 372(c)(3)(A)(i) and (ii).