10 F.3d 99
 In re COMPLAINT OF JUDICIAL MISCONDUCT.
 No. 93-53.
 
 Judicial Council of the Third Circuit.
 Oct. 27, 1993.
Order Denying Petition for Review Jan. 14, 1994.
 MEMORANDUM OPINION
 SLOVITER, Chief Judge.
 
 
 1
 Complainant has filed a complaint pursuant to 28 U.S.C. Sec. 372(c) against a retired United States District Judge. I will dismiss the complaint pursuant to 28 U.S.C. Sec. 372(c)(3)(B) for the reasons that follow.
 
 
 2
 Complainant was the plaintiff in an antitrust case in which respondent, the first district judge assigned to the case, granted summary judgment for defendants. Respondent's decision in the case was made several years before he retired from the bench. On appeal, the case was remanded by the Court of Appeals, and it came before another judge in the same district court who granted summary judgment for defendants on other grounds. This decision was also remanded, but ultimately the complainant was unsuccessful in his suit.
 
 
 3
 On September 13, 1993, complainant filed the instant complaint of judicial misconduct which alleges, inter alia, that respondent, the first judge, was biased against him and acted improperly during the underlying litigation.[1] An exhibit to the complaint contains excerpts of transcripts that purport to buttress the allegations.
 
 
 4
 Upon receipt of the complaint, the Chief Deputy Clerk of the Court of Appeals for the Third Circuit returned the complaint to complainant without docketing it and advised complainant by letter that respondent had retired from the bench. Complainant resubmitted the complaint on September 27, 1993, arguing that the instant complaint should be considered because respondent "continues to receive full salary and his previous conduct ... is of pivotal significance in the questions raised relative to the functioning and integrity of the [court]." I directed that the complaint be docketed, and turn now to consider its merits.
 
 
 5
 I find that this complaint is not cognizable under 28 U.S.C. Sec. 372(c). We need not decide in this case whether the claims of complainant adequately allege that respondent "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts" or "is unable to discharge all the duties of office by reason of mental or physical disability," within the meaning of 28 U.S.C. Sec. 372(c)(1). Instead, I believe that 28 U.S.C. Sec. 372(c)(3)(B) is dispositive, because that provides that a Chief Judge may
 
 
 6
 conclude the proceeding if [s]he finds that appropriate corrective action has been taken or that action on the complaint is no longer necessary because of intervening events.
 
 
 7
 (emphasis added).
 
 
 8
 This complaint raises the question of the effect of a judge's retirement after the conduct that serves as the subject matter of the complaint. The language of section 372(c)(3)(B) underlined above was added in 1990. It codified what has been reported to be the general practice of circuit chief judges to dismiss complaints under section 372(c) on the ground that a judge had left the bench, whether by death, retirement, or, in the case of a magistrate judge or bankruptcy judge, because not reappointed. See Jeffrey N. Barr & Thomas E. Willging, Federal Judicial Center, Administration of the Federal Judicial Conduct and Disability Act of 1980, Final Report 48 (1993). The statutory change reflects congressional approval of past practice. Inasmuch as a judge who retired under 28 U.S.C. Sec. 371(a) by giving up his or her judicial office is no longer exercising judicial duties, he or she can no longer prejudice the "effective and expeditious administration of the business of the courts."
 
 
 9
 In effect, the retirement of a judge moots the complaint because there is no effective remedy under the statute. In considering a complaint against a former bankruptcy judge, former Chief Judge Browning of the Judicial Council of the Ninth Circuit held even before the 1990 amendment to the statute, "When the subject of the complaint is no longer a judicial officer, he is beyond the reach of these procedures and the remedies they prescribe." In re Charge of Judicial Misconduct, 782 F.2d 181 (9th Cir.Jud.Council 1986). The several remedies prescribed by the misconduct statute were clearly aimed at "preventing the recurrence of actions by that judicial officer that might impair the administration of justice," id., actions that could no longer be taken by a judge who is no longer exercising a judicial function.
 
 
 10
 The complainant here appears to be arguing that there is a viable remedy inasmuch as respondent "continues to receive full salary." The relevant federal statute, 28 U.S.C. Sec. 371(a), provides that a judge who retires pursuant thereto "shall, during the remainder of his lifetime, receive an annuity equal to the salary he was receiving at the time he retired." Nothing in the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980 empowers a Chief Judge acting alone, or the Judicial Council on review, to reduce or curtail that annuity, which has been construed as the consideration for the relinquishment of the right to hold the judicial office for life. See Johnson v. United States, 79 F.Supp. 208, 210-11, 111 Ct.Cl. 750 (1948) (construing a predecessor to Sec. 371(a)).
 
 
 11
 Accordingly, for the reasons set forth above the complaint will be dismissed and the proceeding concluded.
 
 
 12
 Present: BECKER, STAPLETON, MANSMANN, GREENBERG, HUTCHINSON, CAHN, GERRY, DIAMOND, RAMBO, and LONGOBARDI, Members of the Judicial Council of the Third Circuit.
 
 ORDER DENYING PETITION FOR REVIEW
 
 13
 Jan. 14, 1994.
 
 
 14
 In an Opinion and Order dated and filed on October 27, 1993, Chief Judge Sloviter dismissed the complaint in the above matter pursuant to 28 U.S.C. Sec. 372(c)(3)(A)(ii) because it is directly related to the merits of respondent's decisions.
 
 
 15
 Complainant filed a petition for review by the Judicial Council of the Third Circuit on November 29, 1993. The Judicial Council has considered the petition for review and has concluded that the relief should be denied and that the order of Chief Judge Sloviter should be affirmed for the reasons set forth in her opinion.
 
 
 16
 Pursuant to Rule 7, Rules of the Judicial Council of the Third Circuit with Respect to Complaints of Judicial Misconduct or Disability, it is therefore,
 
 
 17
 ORDERED that the order of the Chief Judge is AFFIRMED.
 
 
 18
 The parties are notified that this order is final and conclusive and shall not be judicially reviewable on appeal or otherwise. See 28 U.S.C. Sec. 372(c)10.
 
 
 
 [1]
 Complainant has also filed separate judicial misconduct complaints against the second district court judge and against the circuit judge who entered the order affirming the final judgment against respondent on the merits. Those complaints are treated in separate orders