Singh v. Wilkinson

BIA
Loprest, IJ
A 205 935 200

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand twenty-one.

PRESENT:
　　　　JOHN M. WALKER, JR.,
　　　　JOSÉ A. CABRANES,
　　　　SUSAN L. CARNEY,
　　　　　　*Circuit Judges.*

_____

PARAMJIT SINGH,
　　　*Petitioner*,

　　v.                                                    18-565
                                                         NAC
ROBERT M. WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,
　　*Respondent.*[1]

_____

**FOR PETITIONER:**　　　　Paramjit Singh, pro se, South Richmond Hill, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted for Acting Attorney General Jeffrey A. Rosen as Respondent.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Christopher Buchanan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in remaining part.

Petitioner Paramjit Singh, a native and citizen of India, seeks review of a February 1, 2018 decision of the BIA affirming a January 27, 2017 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Paramjit Singh,* No. A 205 935 200 (B.I.A. Feb. 1, 2018), *aff'g* No. A 205 935 200 (Immig. Ct. N.Y. City Jan. 27, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2008). The applicable standards of review are

well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  As set forth below, we lack jurisdiction to review the agency's denial of the asylum claim as time barred; alternatively, the agency's adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief.

I.  Timeliness

An asylum applicant must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).  Singh does not dispute that he filed his asylum application after the deadline.  The agency may excuse the one-year deadline "if the alien demonstrates . . . changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay," *id.* at § 1158(a)(2)(D), and the application is filed within a reasonable time, 8 C.F.R. § 1208.4(a)(4)(ii), (a)(5).  Our jurisdiction to review the agency's timeliness determination is limited to "constitutional claims and questions of law." 8 U.S.C. § 1252(a)(2)(D); *see id.* § 1158(a)(3).

Singh contends that the IJ tacitly extended the

3

deadline for filing his application by scheduling a hearing after the deadline. This argument is unavailing. At a December 2013 hearing, the IJ cautioned Singh's counsel that the asylum application deadline was approaching and warned him to "try to get the application into the Immigration Court window . . . before that date . . . [to] preserve his eligibility for . . . asylum." Certified Administrative Record at 132-33 (Hr'g Tr.). Singh's and his lawyer's misunderstanding of the deadline and the IJ's conclusion that filing an application late was not alone an "extraordinary circumstance" does not implicate any legal or constitutional error. *See* 8 C.F.R. § 1208.4(a)(5) ("extraordinary circumstances . . . include but are not limited to" death, serious illness, and incapacity); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (Court lacks jurisdiction to review "correctness of an IJ's fact-finding or the wisdom of his exercise of discretion"). Alternatively, the adverse credibility determination is dispositive.

II. Credibility

We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier

4

of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on multiple inconsistencies among Singh's interview statements, application, and testimony regarding his political activities in India and whether he was a victim of attacks by members of a rival party. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). At his first interview following his entry, Singh stated that he was not a member of a political party, but explained that his father was a member of the Shiromani Akali Dal Amritsar party ("SADA") and that his uncle was a member of SADA's

5

rival party, the Congress Party. At that initial interview, Singh identified one incident of past harm: he alleged that his uncle "got drunk" and beat him "every night" for refusing to join the Congress Party. At Singh's subsequent interview and in his application for asylum, however, Singh's testimony concerning his affiliation with SADA and the alleged assaults was notably different. Ultimately, Singh testified that he was a member of SADA, and that he believed his uncle may have been an informant for the Congress Party. Singh further testified that his uncle never hurt him for his political affiliation, but that he was twice assaulted by other Congress Party members because of his support for SADA.

Singh's explanations for these inconsistencies fail to show that he is entitled to relief. When asked to explain the inconsistent testimony regarding the alleged assaults, for example, Singh testified that he was being pursued by "the mafia" at the time of his initial interview and was therefore afraid to state his claims accurately. The agency was not required to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation mars omitted)).

6

And Singh's current argument that his testimony was *internally consistent* misses the mark; the IJ's adverse credibility determination focused on inconsistencies between Singh's testimony and his initial interview, not on discrepancies within Singh's testimony alone.

Given Singh's failure to explain these inconsistencies, the IJ did not err by noting other gaps in Singh's application that bore on his credibility. For example, although Singh's application alleged two assaults, Singh added at the hearing that his attackers used clubs and sticks. While Singh explained that he omitted these details from his application because of its "truncated form," that explanation is not compelling in light of other inconsistencies noted above and the fact that Singh filed a four-page written statement with his application. *See id.* Because the two assaults are Singh's sole allegations of past harm, the inconsistencies and omissions relating to them-- including how they were executed, who was responsible, and whether they occurred at all--provide substantial evidence for the IJ's adverse credibility determination, particularly when viewed in combination with the inconsistencies regarding Singh's political affiliation and activities. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency" relating to "the very persecution from which [the

7

applicant] sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal quotation marks and citation omitted)).

The adverse credibility determination is further supported by the agency's findings regarding demeanor and corroboration. The IJ observed that Singh's testimony on direct was a "script-like" recitation that shifted to a "vague" and evasive account during cross. We accord "particular deference" to an IJ's demeanor findings. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Tu Lin v. Gonzales*, 446 F.3d 395, 401 (2d Cir. 2006) (reiterating that IJ is in best position to determine if applicant is "struggling to remember the lines of a carefully crafted script" (internal quotation marks omitted)). Given this demeanor finding and the inconsistencies already discussed, the agency did not err in also relying on Singh's failure to rehabilitate his credibility with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency was not required to credit the letters from Singh's father because he was an interested party not

8

subject to cross examination and because his letters did not confirm the details of the alleged attacks. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that agency has discretion to determine weight of the evidence and upholding agency's rejection of letter from applicant's spouse); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished weight to letters from friends and relatives because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). The authors of the remaining letters also were not subject to cross examination and neither those letters nor the letter from Singh's New York temple corroborate the alleged assaults.

In sum, the agency's findings provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Accordingly, we do not reach the agency's alternative findings. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts are not required to make findings on issues the decision of which is unnecessary to

9

the results they reach.").

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in remaining part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court